356 P.2d 36

STATE of Utah, Plaintiff and Appellant,

v.

Sherrill Z. CHESNUT, Defendant and Respondent.

No. 9258.

Supreme Court of Utah.

Oct. 20, 1960.

4. Martin v. Stevens, 121 Utah 484, 243 P. 2d 747.
5. Ibid.
6. 6 Utah 2d 319, 313 P.2d 468.

Walter L. Budge, Atty. Gen., Robert S. Campbell, Jr., Asst. Atty. Gen., for appellant.

Henry L. Adams, Salt Lake City, for respondent.

CALLISTER, Justice.

An appeal by the State from the order of the lower court denying a motion for an order to show cause why the defendant's probation should not be terminated.

On January 5, 1960, the defendant entered pleas of guilty to two felony charges. The District Court for Sevier County entered judgment and imposed sentence upon the defendant. The court thereupon, and acting pursuant to Section 77–35–17,[1] U.

---

1. "Upon a plea of guilty or conviction of any crime or offense, if it appears compatible with the public interest, the court having jurisdiction may suspend the imposition or the execution of sentence and may place the defendant on probation for such period of time as the court shall determine.

"The court may subsequently increase or decrease the probation period, and may revoke or modify any condition of probation. While on probation the defendant may be required to pay, in one or several sums, any fine imposed at the time of being placed on probation; may be required to make restitution or reparation to the aggrieved party or parties for the actual damages or losses caused by the offense to which the defendant has pleaded guilty or for which conviction

**144**

C.A.1953, suspended the execution of the sentence and placed the defendant on probation. At that time, the following took place:

"The Court: The Court, however, in this case, suspends execution of sentence for a period at this time of sixty days until March 14, 1960, at the hour of 2:00 o'clock p. m. This suspension is on condition that you remain under the custody and supervision of your bondsman, Mr. McCarthy, and that except with his consent, I will say, that you remain outside of Sevier County, except with Mr. McCarthy's consent or in case you are summoned to appear here at any time in court and you will be required to appear, however, on March 14th and for such further action as the court might see fit to take.

"I will say frankly, *this is a chance to make good without having to serve time in State Prison* and *if you make good on this, why there will be further extensions until you will have an opportunity to clear yourself of the matter, but that will depend on you entirely, of course.* We want to give you this opportunity rather than to require you to serve, except if it becomes imperative, I will say. We see no other reasonable way, so we feel that everybody involved in this is doing it for what we feel is your best interest and that you will be duly appreciative of it and *make every effort to make entirely good.* Not only with us, but with your bondsman and everybody concerned, so at this time you are released to your bondsman and the bond will remain in force as it now is.

"Mr. Chamberlain: Your Honor, I would like the record to show that he is under the strict supervision and control of his bondsman with respect to whatever * * *

"The Court: With respect to what he does and his course of conduct. That is what I really intended—under the control and supervision.

"Mr. McCarthy: I will call you and Mr. Chamberlain once in a while to let you know what is going on.

"The Court: But if the thing is justified, *we will make the extensions longer. It depends entirely on, I would say, your course of conduct, which we hope will be in every way satisfactory."* (Emphasis ours.)

Subsequently, on February 4, 1960, the district attorney filed with the trial court a motion for an order directed to the defendant why the suspension of the sentence should not be terminated and he be committed to the State Prison. This motion

was had; and may be required to provide for the support of his wife or others for whose support he may be legally liable * * *"

was based upon the affidavit of the district attorney to the effect that the defendant had committed and confessed to the perpetration of other felonies while on probation. The trial court denied this motion and the State appeals.

In denying the State's motion, the trial court gave the following as reasons:

"(1) That the attempted probation arrangement entered into in connection with said Stay of Execution was not within the purview of the Statutes; that the implied obligations thereof could not be legally fulfilled by the Court.

"(2) That even assuming said attempted probation arrangement to be generally valid, the terms and conditions thereof as disclosed by the record are so lacking and so indefinite and uncertain as to be unenforceable."

Section 77–35–17 does not set forth any necessary conditions of probation but leaves the matter entirely with the discretion of the trial judge. While the instant order contained probation terms somewhat at variance with the usual orders, some of which are of questionable propriety, it was within the province of the trial court.

The conditions imposed upon the defendant were: (1) that he remain in the strict custody and supervision of his bondsman; (2) that he remain outside Sevier County; (3) that he report to the court on March 14th; and (4) that he "make every effort to make entirely good" and his "conduct * * * be in every way satisfactory."

It was implicit from the foregoing that defendant's probation was conditioned upon his good behavior as it must be in every order granting probation. Such good behavior must be conduct conforming to the law.[2]

If the defendant did in fact commit crimes while on probation, that violated the terms of his probation and the trial judge, after proper hearing, could terminate the probation. Thus, the trial court erred in denying the State's motion for an order to show cause.

Reversed.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

2. 15 Am.Jur. p. 146.