**David MUNSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

May 10, 1968.

Charles K. Keil, Asst. Public Defender, for defendant below, appellant.

Richard G. Elliott, Jr., Deputy Atty. Gen., for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

The defendant below, David Munson, asks us to reverse an order of the Superior Court revoking probation.

The appellant pleaded guilty on June 21, 1963 to a charge of fourth-degree burglary. He was given a five-year suspended sentence and placed on probation for a five-year period. On June 26, 1967, he was tried upon a charge of burglary in the first degree, but was found guilty of the lesser included offense of unlawful breaking and entering. On this same date, he was sentenced to imprisonment for three years on the breaking and entering conviction. His probation was revoked on the earlier charge, and he was given a three-year sentence for

it, the two sentences to run concurrently. On November 22, 1967, the Court granted his motion for a new trial on the breaking and entering charge. On December 14, 1967, his motion to restore the probation on the first charge was denied.

■ Appellant contends that the revocation was illegal in that he was not represented by counsel at the time it was entered, citing Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. Assuming that his contention is otherwise sound, we think the alleged error is harmless, in view of the fact that he was represented by counsel at the hearing on his motion to restore probation. At that time, full opportunity was given him and his counsel to demonstrate to the Court that there should be no revocation. The trial Judge heard and considered all reasons advanced and ruled against him.

Appellant seems to assume that the sole reason for the revocation was the new conviction on June 26, 1967. This is untrue, as the trial Judge tried to make plain. The record shows several offenses committed prior to that date, and after the original probation became effective. In December, 1964, he pleaded guilty to contributing to the delinquency of a minor. In September, 1965, he pleaded guilty to disorderly conduct. In December, 1965, he was fined for speeding. In August, 1966, he was fined for leaving the scene of an accident. One or two other very minor charges are in his record.

Appellant points to the fact that the probation officer did not report these violations of probation to the Court until after appellant had been convicted of the charge as to which the new trial was granted. The delay is unexplained in the record, but has little significance. Defendant was fortunate in not having the matter sooner reported to the Court, since such action would probably have meant an earlier revocation.

We suspect that part of appellant's discontent arises from information which he has apparently received concerning the case of another defendant—a case which he personally mentioned to the trial Judge at the hearing in December, 1967. That other case happens to be pending before us. We have examined the record in it and, for appellant's benefit, we note that in the other case the probation still stands revoked, but the order therefor was stayed pending outcome of the defendant's appeal because of serious doubts concerning a legal point raised in that case. The situation here is completely different.

■ The rulings of the Court below were justified by appellant's commission of several crimes, even though they may be considered minor in nature. Probation is granted on condition of good conduct during the period thereof; there was no abuse of discretion in finding appellant's offenses to constitute a violation of that condition.

The decision of the Court below will be affirmed.