563 P.2d 52

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Roger Alan MORRIS, Defendant-Appellant.**

**No. 12029.**

Supreme Court of Idaho.

April 20, 1977.

Wayne L. Kidwell, Atty. Gen., Jean R. Uranga, Asst. Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

Appellant Roger Morris pleaded guilty in the district court to the felony offense of passing an insufficient funds check in an amount of more than $25.00. He was sentenced to prison for an indeterminate period not to exceed three years, with the court reserving jurisdiction to suspend the sentence during the first 120 days thereof. On November 10, 1972, the court suspended appellant's sentence and placed him on probation for three years. Appellant was then turned over to military authorities because he was at that time absent without leave from the Army.

The order granting probation provided as follows:

"for a period of 3 years commencing at the time defendant is released from custody by the Military Authorities, and under the following terms and conditions:

" *  *  *

"Special conditions: That while in the custody of the Military Authorities, defendant shall stay in contact with the Probation Officer; that defendant make monthly reports to the Court; and that defendant make complete restitution of the checks involved in this charge."

On February 21, 1973, at the hearing to revoke his probation, appellant admitted that he had failed to make monthly reports, that he had failed to maintain contact with the probation officer, and that he had failed to make restitution for the bad checks. For these reasons the court ordered that the probation be revoked and that appellant be committed to the Idaho State Penitentiary for a period not to exceed three years, which sentence was commuted to a term of six months in the Canyon County Jail.

On July 25, 1975, appellant filed a motion to vacate the order revoking his probation on the ground that his probation could not be revoked because it had not yet begun. He appeals from the denial of that motion.

Kenneth D. Roberts, Caldwell, for defendant-appellant.

■ The state initially contends that the denial of appellant's motion should be upheld because the motion does not comply with the statutory requirements of the Uniform Post-Conviction Procedure Act. I.C. § 19–4901 *et seq.* Since appellant filed his motion without the assistance of counsel, and since the irregularities do not prejudice the state's ability to defend against appellant's motion, we will not consider these errors but will decide this appeal on the merits.

Appellant's position is that the trial court could not revoke his probation because the probation had not yet commenced. He relies upon that part of the order of probation which states that he is to be placed on probation

"for a period of 3 years, commencing at the time defendant is released from custody by the Military authorities."

Appellant contends that he was again AWOL at the time of the hearing to revoke his probation, and thus he had never been released from custody by the military authorities.[1]

■ Although the order stated that probation was to commence when defendant was released by the military authorities, it also imposed conditions of his probation which were to be in effect while he was in the custody of the military authorities. He was to make monthly reports to the court, to maintain contact with the probation officer, and to make restitution for the bad checks. Thus, the terms of the order were admittedly inconsistent. We do not think, however, that appellant was prejudiced by this inconsistency. At his probation-revocation hearing, appellant admitted that he had violated each of the three special conditions of his probation. He stated that while he was in the military stockade, he was working from sunup to sundown at hard labor and was too tired to make the monthly reports or to maintain contact with his probation officer. He sought to justify his failure to make restitution for the bad

checks by the fact that he was attempting to pay off some additional bad checks before they too became the basis for criminal charges. It is clear that appellant knew what was expected of him under the special conditions of his probation, and that he violated those conditions. Since the inconsistency in the order of probation did not mislead or prejudice appellant, the trial court did not err in denying appellant's motion to vacate the order revoking his probation. *Ex parte Medley,* 73 Idaho 474, 253 P.2d 794 (1953).

Judgment affirmed.

McFADDEN, C. J., and SHEPARD, BAKES and BISTLINE, JJ., concur.

---

1. At the probation-revocation hearing, appellant stated to the trial court that he had been discharged from the armed forces on January 22, 1973. He now contends that he had not been discharged, but was instead AWOL.