No. 13721

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

IN THE MATTER OF ROBERT JOHN RATZLAFF

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

W. Art Graham, Legal Intern, argued, Missoula,
Montana
David J. Patterson argued, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Allen Chronister argued, Assistant Attorney General,
Helena, Montana
Harold Hanser, County Attorney, Billings, Montana

---

Submitted: April 15, 1977

Decided: JUN - 2 1977

Filed: JUN - 2 1977

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an application for post-conviction relief by an inmate of the Montana State Prison. He seeks to void an order of the district court, Yellowstone County, revoking a Sentence Review Division suspension of his sentence.

On December 13, 1972, petitioner Robert John Ratzlaff was convicted of the crime of robbery by jury verdict in the district court of the thirteenth judicial district, County of Yellowstone, Billings, Montana. On January 3, 1973, Hon. Charles Luedke, district judge, sentenced petitioner to 25 years in Montana State Prison with credit given for time already served.

Petitioner sought reduction of his sentence from the Sentence Review Division. On November 7, 1974, the Sentence Review Division ordered that "* * * THE LAST 10 YEARS OF SAID SENTENCE IS HEREBY SUSPENDED." An amended judgment and commitment conforming thereto was ordered on November 21 by Hon. Robert J. Boyd, district judge, third judicial district, which encompasses Powell County, where the state prison is located and the Sentence Review Division sits.

On June 9, 1975, petitioner was paroled from Montana State Prison. While on parole in August 1976, petitioner was charged with violating the conditions of his parole. In a preliminary hearing held by a hearing officer for the Montana Board of Probation and Parole, probable cause that violations had occurred was found.

The Yellowstone County attorney petitioned the district court of Yellowstone County to revoke the suspension of sentence previously granted by the Sentence Review Division. At the hearing, petitioner objected to the jurisdiction of the district court to determine the matter. On October 4, 1976, Judge Luedke entered a finding that

- 2 -

petitioner had violated his parole and ordered the suspension of sentence by the Sentence Review Division revoked.

Subsequently, the Montana Board of Pardons revoked petitioner's parole following a hearing. Petitioner is now incarcerated at Montana State Prison under his original 25 year sentence.

Petitioner has applied to this Court seeking to have the district court's order revoking suspension of his sentence declared void.

Three issues of law are presented for decision:

(1) Does the district court have jurisdiction to revoke a suspension of sentence granted by the Sentence Review Division?

(2) Does the district court have jurisdiction to revoke a suspension of sentence for violation of parole conditions imposed by the Board of Pardons?

(3) Does revocation of a suspension of sentence by the district court after petitioner had begun serving a lawfully suspended sentence violate the double jeopardy provisions of the federal and state constitutions?

Petitioner argues the district court has no jurisdiction to revoke suspension of a sentence granted by the Sentence Review Division. He points out that section 95-2503, R.C.M. 1947, expressly provides that the decision of the Sentence Review Division is final; that revocation of such suspension of sentence is contrary to the purpose of the Sentence Review Division in that it permits the original sentencing court, with a potential for vindictive treatment of the offender, to nullify the decision of the Division; and, that only the court which suspended the sentence has power to revoke the suspension under section 95-2206, R.C.M. 1947.

Section 95-2503 provides in pertinent part that the "decision of the review division in each case shall be final." This is not equivalent to a prohibition against revocation of its suspension of sentence by reason of defendant's subsequent conduct violating the conditions of suspension. The conditions of suspension, although not expressed in the Division's order or the amended judgment, sentence and commitment of Judge Boyd in conformity therewith, are necessarily implied as the power to suspend without probation has been held not to exist. State ex rel. Foot v. Dist. Ct., 72 Mont. 374, 233 P. 957. The conditions are found in the regulations of the Board of Pardons, MAC 20-3.10(6) - S10060, and it is these conditions that Judge Luedke found petitioner had violated which form the basis for revocation of the suspension. Thus the Division's decision was not nullified by the action of the district court, but on the contrary was recognized and given effect in conformity with its conditions.

The potential for vindictive treatment of the offender at a revocation hearing appears no greater here than where the suspension was granted by the original sentencing court under section 95-2206, both before and after its amendment in 1974. There is nothing in this record to even remotely suggest the presence of such factor. Nor do we find such abstract potential to contravene the purposes of the Sentence Review Division. The Division consists of three district judges who are simply not in an adversary position vis-a-vis their colleagues whose sentences they review.

Section 95-2206 provides in pertinent part:

"Any judge who has suspended the execution of a sentence * * * of imprisonment under this section, or his successor, is authorized thereafter, in his discretion, during the period of such suspended sentence * * * to revoke such suspension * * *."

Although this statute grants the power of revocation to a district judge who has suspended a sentence of imprisonment, it does not necessarily withhold such power where the suspension is granted by the Sentence Review Division. We note there is no grant of the power of revocation to the Division. Sections 95-2501 through 95-2504, R.C.M. 1947. As the Division operates only on petition of the defendant (section 95-2502), constitutional due process and double jeopardy problems would arise if the state were permitted to initiate proceedings there. These considerations persuade us to adopt the view that the Division lacks jurisdiction over a revocation proceeding initiated by the state.

If the Division lacks jurisdiction to hear the state's petition to revoke a Division-imposed suspension of sentence, who but the district court has that power? The district court is a court of general jurisdiction. The revocation of a suspension of sentence leaves the defendant subject to execution of the original sentence, as though it had never been suspended. Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L ed 41. If the district court has no jurisdiction to revoke, a suspension ordered by the Division would amount to a pardon rather than a suspended sentence as the conditions of suspension would be a nullity for lack of power to enforce them. In the absence of an express statute governing revocation of suspended sentences imposed by the Division, we hold the original sentencing court has the implied power and jurisdiction to hear and decide revocation petitions concerning Division-imposed suspensions.

Petitioner further contends the Board of Pardons, not the district court, has jurisdiction to revoke a suspension of sentence for violation of parole conditions imposed by the Board of Pardons.

He argues that where the court imposes no conditions upon suspension of sentence, the Board of Pardons gained the power to impose conditions of probation and to supervise the defendant's probationary period and as a consequence the power to determine violations is clearly in the Board of Pardons.

Petitioner overlooks the dual nature of the conditions imposed by the Board of Pardons. The conditions found in the regulations of the Board of Pardons, MAC 20-3.10(6) - S10060, were conditions of suspension of sentence as well as parole conditions. Section 94-9830, R.C.M. 1947, since repealed, was in effect when the Sentence Review Board suspended the sentence of petitioner and provided:

> "The board [of pardons] may adopt general rules or regulations concerning the conditions of probation or suspension of sentence. Such conditions shall apply in the absence of any specific or inconsistent conditions imposed by a court. Nothing herein contained shall limit the authority of the court to impose or modify any general or specific conditions of probation or of suspension of sentence." (Bracketed words supplied.)

Petitioner concedes that this statute caused the conditions set forth in MAC 20-3.10(6) - S10060 to be imposed upon him when the Sentence Review Division suspended sentence.

We do not dispute petitioner's claim that the Board of Pardons has discretion to determine when parole violators should be returned to the Montana State Prison. In fact, the Board has done this in petitioner's case. But the Board's supervisory powers over petitioner do not divest the district court of jurisdiction to hear and determine whether petitioner has also violated the conditions of suspension of his sentence and revoke such suspension where violation has occurred. For reasons heretofore noted, this jurisdiction is vested in the district court. Here the district court

- 6 -

acted in conformity with this jurisdiction rather than for violation of parole.

The final issue is whether the district court's revocation of the suspension of sentence contravened double jeoparty prohibitions in the federal and state constitutions. Petitioner argues that after he had commenced serving the 25 year sentence with 10 years suspended, the sentence was increased to the full 25 years and this imposed a second punishment for the same offense, citing Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L ed 872 and Kohlfuss v. Warden, 149 Conn. 692, 183 A.2d 626.

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This prohibition is applicable to state action under the "due process" clause of the Fourteenth Amendment to the United States Constitution. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L ed 2d 656. It protects offenders from multiple punishment for the same offense. Ex parte Lange, supra; United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L ed 354. Montana's constitutional provision is substantially similar providing that "No person shall be again put in jeopardy for the same offense * * *." Art. II, Section 25, 1972 Montana Constitution.

However, revocation of suspension of a sentence does not constitute a second punishment for the same offense. A defendant under a suspended sentence lives with the knowledge that "a fixed sentence for a definite term hangs over him." Roberts v. United States, supra; State ex rel. Bottomly v. District Court, 73 Mont. 541, 237 P. 525. The defendant's subsequent conduct, not his original offense, forms the basis of revocation and reinstates the original

sentence. Petitioner is not being punished twice for the same offense. For these reasons Lange and Kohlfuss are inapplicable.

Petitioner's application for post-conviction relief is denied and this proceeding is dismissed.

_____
Justice

We Concur:

_____

_____

_____
Justices

_____
Hon. James M. Salansky, District
Judge, sitting for Chief Justice
Paul G. Hatfield.

- 8 -