389 So.2d 364 (1980)
STATE of Louisiana
v.
Rae MORGAN.
No. 67050.
Supreme Court of Louisiana.
October 6, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
*365 Milton P. Masinter, New Orleans, for defendant-appellant.
WATSON, Justice.
Defendant, Rae Morgan, was convicted at a bench trial of attempted prostitution in violation of LSA-R.S. 14:82 and 14:27 and sentenced to serve one year in parish prison. The sentence was suspended and defendant was placed on active probation for five years. She was required to serve ninety days in parish prison and remain out of the French Quarter during probation. In addition she was fined $125 plus $67.50 court costs, or thirty days in the parish prison. Defendant urges five assignments of error in this appeal.

FACTS
At approximately 12:10 A.M. on March 27, 1979, New Orleans City Police Officer Wayne Jusselin noticed Rae Morgan and another woman stop an unknown male near the entrance to the Royal Sonesta Hotel in the French Quarter. Officer Jusselin overheard the defendant ask the unknown man if he were looking for a couple of ladies to have a party with. When the man failed to show any interest, Ms. Morgan rubbed the man's arm while the other woman leaned over and rubbed him on the stomach, proposing sex with both of them for $50. (Tr. 5) At this point, the man shook his head in a negative manner and departed. Rae Morgan looked up, observed two officers walking up Bourbon Street, grabbed the other woman by the arm, and said, "Come on, girl, police;" (Tr. 5). As the woman started to walk away, the defendant noticed Officer Jusselin standing there and said, "Oh, girl, they got us." (Tr. 6) The other woman continued to walk away, so Ms. Morgan called, "Hey, . .. you had better come back here; they got us." (Tr. 6) The two were placed under arrest.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that error patent on the face of the record exists because the bill of information states that she was a prior offender. It is contended that the prior offense is not an element of the offense and is relevant only for sentencing purposes. The bill of information says:
"... that one Rae Morgan . . . committed prostitution in that she solicited an unknown person with the intent to engage in indiscriminate sexual intercourse with the said unknown person for compensation in the amount of Fifty ($50.00) Dollars, the said RAE MORGAN having previously been convicted of prostitution in case No. 255-420, Sec. `C' of the docket of the Criminal District Court for the Parish of Orleans, State of Louisiana,...".
When an accused has been fairly informed of the nature of the charge and has not been prejudiced by surprise or lack of notice, technical deficiencies in a bill of information may not be questioned after conviction. State v. James, 305 So.2d 514 (La., 1974); State v. Marmillion, 339 So.2d 788 (La., 1976).
Defendant's assignment would lack merit even if it had been raised timely. Ms. Morgan was charged as a second offender under LSA-R.S. 14:82. As in the case of weapon concealment, LSA-R.S. 14:95, the offense of prostitution provides for enhanced penalties for recidivist offenders. Reference to the prior conviction was required in order to state the essential facts constituting the offense charged. State v. Pounds, 359 So.2d 150 (La., 1978) held that there was no error in charging defendant with carrying a concealed weapon in a bill of information referring to two previous convictions. The reference was necessary under LSA-C.Cr.P. art. 483 in order to fully charge the offense and inform the defendant that she was being prosecuted as a second offender.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
It is asserted that the trial judge erred in denying defendant's motion for a directed verdict on the ground that there is *366 no evidence that she sought compensation for sexual intercourse, an essential element of the offense.
Defendant clearly participated in the solicitation of the unknown male and the fact that her companion named the price is immaterial. A rational factfinder could have found beyond a reasonable doubt that Rae Morgan participated in the joint offer of sex for money. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Also see Pilon v. Bordenkircher, 444 U.S. 1, 100 S.Ct. 7, 62 L.Ed.2d 1 (1979), which stated that "the Thompson `no evidence test' is constitutionally inadequate. . .", 100 S.Ct. 8, and remanded for reconsideration in light of Jackson.[1]
This assignment lacks merit.

ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR
Defendant contends the trial court erred in adjudicating her a second offender, because her previous conviction of prostitution was founded upon an unconstitutional gender-based statute. At the time of defendant's first offense in 1976, the statute read, "Prostitution is the practice by a female of indiscriminate sexual intercourse with males for compensation." This attack on the constitutionality of that statute was rejected in State v. Devall, 302 So.2d 909 (La., 1974) and State v. Butler, 331 So.2d 425 (La., 1976). Devall held that lawmakers were constitutionally free to exclude male prostitution from the statute on the reasonable basis that it does not constitute as serious a social problem as female prostitution.
These assignments are without merit.

ASSIGNMENT OF ERROR NUMBER FIVE
Defendant argues that the special condition that she remain out of the French Quarter in New Orleans for the length of her probation constitutes a "banishment" in violation of the prohibition against cruel and unusual punishment in the Eighth Amendment of the United States Constitution. See Dear Wing Jung v. United States, 312 F.2d 73 (U.S. 9 Cir. 1962).
Defendant compares her exclusion from the Quarter to that in Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) where "denationalization" of an American convicted of wartime desertion was invalidated. Ms. Morgan contends that her ban from the French Quarter is void because it is the substantial equivalent of the loss of citizenship struck down in Trop. Other states have invalidated conditions requiring that a probationer leave a particular city, county or state. See, for example, Hoggett v. State, 101 Miss. 269, 57 So. 811 (1912); People v. Baum, 251 Mich. 187, 231 N.W. 95 (1930); In re Scarborough, 76 Cal.App.2d 648, 173 P.2d 825 (1946); and Weigand v. Commonwealth, 397 S.W.2d 780 (Ky., 1965). However, the French Quarter is a small geographical area; an historical district of New Orleans with carefully delineated boundaries. In addition to antiquity, it is noted for night life, drinking, and prostitution. A restriction against entering a relatively small geographical area of one city can hardly be equated with loss of citizenship, or banishment from a city, county or state. Compare State v. Chestnut, 11 Utah 2d 142, 356 P.2d 36 (1960); State v. Collett, 232 Ga. 668, 208 S.E.2d 472 (Ga., 1974); and Wilson v. State, 151 Ga.App. 501, 260 S.E.2d 527 (Ga., 1979). Moreover, the condition of probation is reasonably related to Ms. Morgan's rehabilitation.
LSA-C.Cr.P. art. 895.A provides:
"A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
"That the defendant shall:

*367 "(8) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons; . . .".
A trial judge has wide latitude in imposing conditions of probation. State v. Credeur, 328 So.2d 59 (La., 1976). The proviso that defendant remain out of the French Quarter is apparently based upon the theory that Ms. Morgan's rehabilitation would best be served by removing her from an environment in which offenses of prostitution are frequently committed. The condition is reasonable and within the trial judge's discretion.
The assignment has no merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
DENNIS, J., specially concurring.
NOTES
[1] When there is "no evidence", there is also, of course, insufficient evidence to convince a reasonable trier of fact.