No. 81-347

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

ANTHONY D. SULLIVAN,

Defendant and Appellant.

---

Appeal from:   District Court of the Second Judicial District,
In and for the County of Silver Bow
Honorable Arnold Olsen, Judge presiding

Counsel of Record:

For Appellant:

Patrick D. McGee, Butte, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert McCarthy, County Attorney, Butte, Montana

---

Submitted on briefs: October 29, 1981

Decided: February 25, 1982

Filed:   FEB 25 1982

*Thomas J. Kearney*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Anthony D. Sullivan appeals from an order of the District Court, Second Judicial District, Silver Bow County, revoking a previously suspended sentence.

On August 20, 1975, Sullivan was charged with burglary and after his consultation with court-appointed counsel, Sullivan entered a plea of guilty to the charge on October 7, 1975.

A judgment of conviction was entered, and the District Court deferred his sentence for three years and placed Sullivan on probation.

Sullivan's record indicates that he was twice placed on probation, and his probation has been twice revoked. He has been paroled three times, and three times his parole has ended in failure. In each instance, the revocation or reimprisonment of Sullivan was due to his violation of one or the other of two conditions of his release: (1) abstention from alcohol, and (2) submission to alcohol treatment and counseling.

The following table of events gives an outline of Sullivan's record following conviction:

| October 7, 1975 | Defendant pled guilty to charge of burglary; judgment of conviction; sentence deferred for three years; defendant on probation. |
| --- | --- |
| August 19, 1977 | Hearing on petition to revoke deferred sentence on probation violations; court deferred imposition of sentence for additional three years; defendant ordered to return to alcohol treatment centers at Galen and Kellogg, Idaho; thereafter to report to probation officer in Butte. |
| October 18, 1977 | Defendant arrested for breaking into home of his former wife. |
| October 28, 1977 | Court sentenced defendant on the original burglary conviction to ten |

years in prison, with five years suspended. Defendant to be under supervision of Butte office of Board of Pardons when he is not in prison.

| | |
|---|---|
| October 2, 1978 | Defendant paroled to Helena. |
| June 1979 | Defendant returned to prison on parole revocation. |
| February 1, 1980 | Defendant paroled upon condition that he complete certain alcohol treatment programs. |
| June 18, 1980 | Defendant returned to prison on parole revocation. |
| February 24, 1981 | Defendant paroled to Butte area under supervision of parole officer. |
| April 14, 1981 | Defendant arrested for parole violations |
| April 16, 1981 | Defendant agreed to admit himself to Galen State Hospital for alcoholic treatment; left Galen next morning. |
| April 20, 1981 | Defendant again arrested for drinking. |
| April 27, 1981 | Court revoked the five year suspended sentence and ordered defendant returned to prison to serve the remainder of his sentence. |

Without belaboring the record with details, it is enough to say that over the course of his post-conviction history, Sullivan has shown no disposition to abide by the conditions of his deferred imposition of sentence, or of his parole as they relate to his use of alcohol.

The defendant now appeals from the court's order of April 27, 1980, revoking his suspended sentence. He raises the following issues:

1. May Sullivan's suspended sentence be revoked before he actually begins serving it?

2. May the sentencing court revoke his suspended sentence for violation of parole conditions imposed by the Board of Pardons where a suspended sentence follows a term of imprisonment?

-3-

3. May the District Court require a probationer to abstain from alcohol when the probationer is an alcoholic and is powerless to control his drinking?

4. Did Sullivan receive due process in the revocation of his probation?

5. Did the District Court lose jurisdiction to defer imposition of a sentence for an additional three years under its order of August 19, 1977?

The District Court on October 28, 1977, sentenced Sullivan to ten years imprisonment with the last five years suspended. The record is not clear as to the date when Sullivan would make the transition from parole status to probation status, that is, when the date of suspended sentence would begin. This is because the record does not clearly show the accumulation of "good time" by Sullivan during the term of his sentence. The probation officer in Butte determined that the transition date was April 16, 1981, probably influenced by our decision in Crist v. Segna (1981), ____ Mont. ___, 622 P.2d 1028, 38 St.Rep. 150. The Department of Institutions takes the position that the transition date was May 25, 1981. It appears therefore that Sullivan was technically on parole at the time that his suspended sentence was revoked because he had not yet passed the transition date from parole to suspended sentence time.

Section 46-18-203, MCA, authorizes the original sentencing judge who has suspended a sentence, to revoke that suspension "during the period of the suspended sentence." It is Sullivan's contention that the District Court is without jurisdiction to revoke the suspended sentence before the period of the suspended sentence begins.

-4-

Sullivan's contention is answered in spirit if not factually, by our decision in Matter of Ratzlaff (1977), 172 Mont. 439, 564 P.2d 1312. There the parole violation occurred before the defendant began serving his suspended sentence. In that case the defendant had been sentenced to 25 years imprisonment for robbery. The final 10 years of that sentence was later suspended. After serving approximately three years in prison, the defendant was paroled. He was later charged with violating the conditions of his parole and revocation proceedings were instituted.

At the same time a petition for the revocation of his 10 year suspended sentence was filed before the original sentencing court. Ratzlaff contended that the District Court had no jurisdiction to revoke his suspended sentence because he was under the jurisdiction of the parole board. This Court disagreed and held that the suspended sentence was properly revoked. Thus, we held by necessary implication that a suspended sentence may be revoked before the defendant actually begins serving probation.

Other courts addressing the issue have held that a suspension of sentence may be revoked for acts done by a probationer after sentence is imposed but before he actually begins serving the suspended sentence. See, e.g., United States v. Ross (5th Cir. 1974), 503 F.2d 940; United States ex rel. Sole v. Rundle (3d Cir. 1971), 435 F.2d 721; Com. v. Wendowski (1980), 278 Pa. Super. Ct. 453, 420 A.2d 628; Hart v. Florida (Fla. 1978), 364 So.2d 544; State v. Morris (1977), 98 Idaho 328, 563 P.2d 52; Brown v. Com. (Ky. 1977), 564 S.W.2d 21; Parrish v. Ault (1976), 237 Ga. 401, 228 S.E.2d 808; Wright v. United States (D.C. 1974), 315 A.2d 839; Martin v. State (Fla. Dist. Ct. App. 1971), 243 So.2d

189; Coffey v. Commonwealth (1969), 209 Va. 760, 167 S.E.2d 343; see also, Trueblood Longknife v. United States (9th Cir. 1967), 381 F.2d 17, cert.den. 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 987.

What comes out of these cases is the strong public policy that if a person convicted of a crime, and granted a period of probation as part of the sentence, should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation, the court has the power to revoke or change the order of probation, both during the period of probation, and before the period of probation commences. James v. United States (5th Cir. 1944), 140 F.2d 392, 394.

We hold, therefore, that the language of section 46-18-203, MCA, does not prohibit revocation of probation before the defendant actually begins serving the suspended sentence. Wright v. United States, supra; 315 A.2d at 841, 842.

Under the second issue, Sullivan contends that at the time his suspended sentence was revoked, he had violated only the conditions of his parole set by the Board of Pardons, and that only the sentencing court could set the conditions for the revocation of his suspension.

The State answers this contention by pointing to Ratzlaff, supra, 172 Mont. 439, 564 P.2d 1312, where this Court held that in the absence of conditions ordered by the sentencing court, the conditions of parole imposed by the Board of Pardons are the conditions of a suspended sentence. In Ratzlaff, we pointed out the dual nature of conditions imposed by the Board of Pardons in that their regulations with respect to conditions of parole apply also to suspensions of sentence, and that these regulations applied in the

-6-

absence of conditions imposed by a court. 172 Mont. at 444, 564 P.2d at 1315. Moreover, in this case, the sentencing court, on October 28, 1977, in imposing the 10 year imprisonment with five years suspended, expressly directed "that at all times when Defendant is not under the jurisdiction of the warden of the Montana State Prison he shall be under the supervision of the State Board of Pardons and Parole, Butte, local office." Thus the District Court made the defendant subject to any supervisory conditions that the Board of Pardons saw fit to impose in overseeing the defendant's conditional release on parole and on probation.

Sullivan on appeal relies on language in the conditions that state "on parole you must have regular alcohol counseling" as not applying to probation. The argument is specious. At all times from the beginning of his conviction, the District Court has imposed as a condition for his deferred imposition of sentence, and now for his suspended sentence, that he avoid alcohol. The District Court, by making express direction that when Sullivan was not under the jurisdiction of the warden, he would be under the jurisdiction of the Butte parole officer, indicates the court's intent that whatever the conditions of Sullivan's freedom from imprisonment, during the term of his probation he could not use alcohol.

We therefore find no merit in defendant's second issue.

Sullivan's third issue involves his contention that it is "vindictive" to require him, an acknowledged alcoholic, to refrain from drinking as a condition of his probation or parole. Sullivan relies on State v. Oyler (1968), 92 Idaho 43, 436 P.2d 709, wherein the Idaho Supreme Court stated that it would be "vindictive" to condition probation on abstinence if the judge knew the defendant was a chronic alcoholic subject to an irresistible compulsion to drink to

excess. In Oyler, the Idaho court also stated that a judge who discovers that it is impossible for a probationer to abstain from drink may revoke the probation if in his judgment the overriding purpose of probation, that is rehabilitation, cannot be achieved without the condition of abstention. 436 P.2d at 713.

Montana's 1972 constitution mandates that laws for the punishment of crime shall be founded on the principles of prevention and reformation. Art. II, § 28, 1972 Mont. Const. The District Court's power to impose conditions during the period of a deferred or suspended sentence is directed to what is "considered necessary for rehabilitation or for the protection of society." Section 46-18-201(1)(a)(ix), MCA. If a person convicted of crime because of addiction to alcohol or a character disorder is unable to control his drinking of alcohol to excess, he has no right constitutionally or statutorily to be released from imprisonment on parole, or on suspension, free from limitations respecting his use of alcohol. Such a grant would not aid in his rehabilitation nor would it be conducive to the protection of society. Sullivan's case is the best example: his original burglary conviction probably involved the use of alcohol to excess, and at least once on parole, under the influence of alcohol, he broke into the home of his former wife. His history makes clear that he should either spend the remainder of his term in prison or abide by any condition of his parole that prohibits his use of alcohol. When authorities consider parole or probation for a person convicted of crime, the necessity to protect society stands on at least equal footing with the necessity to provide rehabilitation for the convicted person.

We see no merit in Sullivan's contention that prohibiting his use of alcohol was an unreasonable or illegal condition to his probation or parole. Sobota v. Williard (1967), 247 Or. 151, 427 P.2d 758, 759.

Sullivan next contends he was deprived of due process in connection with the revocation hearing on April 27, 1981. His contention is based chiefly upon the claim that District Judge Arnold Olsen was biased because he called a witness in connection with the revocation hearing.

The District Court called Raymond Redferm of the Montana Alcoholism Services Center at Galen to the stand to resolve a conflict in the evidence. Two police officers had testified that Sullivan had been transported to Galen to be placed in the alcohol treatment center there and that Sullivan had walked away from the program the following morning. The sheriff testified that to his knowledge the defendant would have been admitted to the alcoholic treatment program at Galen after he had completed detoxification. Sullivan testified that he walked away from Galen the morning after his admittance because the hospital refused to admit him to its alcohol treatment program. At this point the district judge announced his intention to ascertain whether Sullivan had indeed been refused admission to the program.

Redfern testified that patients brought to the hospital ordinarily spend three days in the detoxification ward and are then brought to an evaluation clinic several times before a decision is made to admit them. Redfern also testified that Sullivan did not complete the first phase of the program, detoxification.

Sullivan contends that by calling a witness in the manner indicated, the district judge became a "prosecutor"

-9-

and an "adversary" which deprived him of due process at the revocation hearing.

There is no merit to this contention. A court on its own motion may call witnesses to testify. Rule 614(a), M.R.Evid.; sections 3-1-111(6) and 3-1-402(3), MCA. In State v. Hart (1981), ___ Mont. ___, 625 P.2d 21, 26, 38 St.Rep. 133, 137, we held that the trial court's act of calling its own witness to verify the testimony of a prosecuting witness was neither an abuse of discretion by the trial court nor a denial of defendant's right to a fair trial.

Moreover, Sullivan failed to object to the calling of Redfern as required by Rule 614(c), M.R.Evid. He may not now assert such error on appeal. State v. Bier (1979), ___ Mont. ___, 591 P.2d 1115, 1119, 36 St.Rep. 466, 471; State v. Jensen (1969), 153 Mont. 233, 236, 455 P.2d 631, 632-633.

Sullivan also contends that a letter written by District Judge Olsen to the warden of the penitentary respecting the total amount of jail time which should be credited against Sullivan's sentence was prejudicial. The evidence indicates, however, that the letter was written at defendant's instigation, and that Sullivan himself was later complimentary to the judge, thanking him for his efforts on his behalf. Again we find no prejudice on the part of the district judge in this regard. In fact we do not see how the letter played any part in the decision of the district judge to revoke Sullivan's suspended sentence.

Sullivan's final contention is that the District Court had no jurisdiction to defer imposition of his sentence a second time as was done on August 19, 1977.

The contention does not affect the District Court's power to revoke Sullivan's sentence in the circumstances

appearing here, and so we will not consider the issue as validly raised. The conviction and first deferment of imposition of sentence occurred on October 7, 1975. The District Court sentenced the defendant to 10 years with 5 years suspended on October 28, 1977. This was within the 3 year period first set on October 7, 1975, by the court for the deferment of the imposition of his sentence. Under this situation, the District Court could not be held in error for imposing an additional 3 years of deferred imposition on August 19, 1977.

The order of the District Court revoking Sullivan's suspended sentence is affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____

_____

_____

_____
Justices