STATE of South Dakota, Plaintiff
and Appellee,

v.

Bob Henry HOLTER, Defendant
and Appellant.

No. 14068.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1983.

Decided Nov. 30, 1983.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Reed C. Richards of Richards & Richards, Deadwood, for defendant and appellant; Cynthia A. Howard of Richards & Richards, Deadwood, on brief.

DUNN, Justice.

This is an appeal from a sentence issued following conviction for forgery, and from a later revocation of the suspended portion of that sentence. We affirm.

On April 5, 1982, Bob Henry Holter (appellant) was charged with the crime of forgery in violation of SDCL 22–39–36. After pleading guilty, appellant was sentenced by the circuit court in Butte County to three years in the South Dakota State Penitentiary, with the final two years suspended upon fulfillment of certain conditions. While serving the first year of the sentence, appellant escaped from the prison farm facility near Yankton, South Dakota. After his capture, appellant was convicted of escape and sentenced to three and one-half years in the penitentiary by the circuit court in Yankton County. .

Following the escape conviction and while still serving the first year of the sentence for forgery, appellant was returned to Butte County Circuit Court. The court found that by escaping from the penitentiary, appellant had violated the suspended portion of his sentence. Therefore the court revoked the suspended sentence and imposed a sentence of three years in the penitentiary for the forgery conviction.

The issues on appeal are: 1) Did the circuit court lack legal authority to sentence appellant to the penitentiary and suspend a portion of that sentence? 2) Did the circuit court properly revoke appellant's suspended sentence, even though appellant had not violated a specific condition of the suspension? 3) Did the circuit court properly revoke appellant's suspended sentence even though appellant had not yet begun to serve the suspended portion of the sentence?

Initially, we examine appellant's claim that the circuit court had no authority to sentence him to three years in the penitentiary, with the final two years suspended, following his plea of guilty to the forgery charges. Appellant maintains that since no statute specifically provides for such a sentence, this court should hold that appellant was actually sentenced to only one year in the penitentiary.

This court has stated on numerous occasions that an issue not presented at the trial level will not be reviewed at the appellate level. The trial court must be given an opportunity to correct any claimed error before we will review it on appeal. *State v. Holt*, 334 N.W.2d 47 (S.D.1983); *State v. O'Connor*, 265 N.W.2d 709 (S.D.1978). Appellant did not at any time prior to this appeal raise a claim that his sentence was improper or illegal. Therefore, appellant's claim concerning his original sentence is not properly before this court.

In spite of his failure to make timely objection to the original three-year sentence, appellant contends that this court may still review the sentence under the plain error doctrine.[1] However, we have held that not every error occurring at trial rises to the level of plain error, for the plain error rule must be applied cautiously and only in exceptional circumstances. *State v. Brammer*, 304 N.W.2d 111 (S.D.1981).

Not only does this case fail to involve the exceptional circumstances required to invoke the plain error doctrine, but more importantly, the record does not indicate that any error occurred at the circuit court level. Since "[i]mposition or execution of a sentence may be suspended by

---

1. SDCL 23A–44–15 states:
   Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court.

the court empowered to impose the sentence unless otherwise provided by law[,]" S.D. Const. art. V, § 5, the trial court was well within its power in sentencing appellant to three years in the penitentiary with the final two years suspended. The provisions of SDCL 23A–27–18.1 in effect at the time of sentencing,[2] which allowed a defendant given a suspended sentence to be imprisoned in the county jail for up to sixty days, did not impair the judge's constitutional power to suspend a portion of a penitentiary sentence. Consequently, the sentence imposed by the circuit court was not in error, and appellant has no basis to invoke the plain error doctrine.

We next turn to appellant's contention that, since he did not violate any specific conditions of suspension, the trial court could not revoke the suspended sentence. The four conditions originally placed upon the suspension were: that appellant make restitution to the victims, that he repay court-appointed attorney fees, that he attend counseling, and that he neither consume alcoholic beverages nor frequent establishments where such beverages were sold. The circuit court revoked the suspended sentence because of appellant's escape from the penitentiary.

Until now, this court has not faced the issue of whether it is an implied condition in every suspended sentence that the defendant shall not violate the law. Other jurisdictions have, however, specifically addressed this issue. The overwhelming weight of authority is that a fundamental condition of any suspended sentence or probation, whether expressly stated by the sentencing court or not, is that the defendant shall not violate the law. *Wilcox v. State,* 395 So.2d 1054 (Ala.1981); *Munson v. State,* 242 A.2d 313 (Del.1968); *State v. McGinnis,* 243 N.W.2d 583 (Iowa 1976); *State v. Chesnut,* 11 Utah 2d 142, 356 P.2d 36 (1960); *Coffey v. Commonwealth,* 209 Va. 760, 167 S.E.2d 343 (1969). In addition, common

sense indicates that implicit in any suspension of sentence or probation is that defendant should be on good behavior, not violating the law.

■ Therefore, we hold that it is an implied condition in every suspended sentence that a defendant shall not violate the law. If a defendant does violate the law, thus violating a condition of his sentence, the sentencing court may revoke the suspension. The trial court properly revoked the suspended portion of appellant's sentence after appellant violated the law by escaping from the penitentiary.

Finally, appellant claims that the trial court could not revoke his suspended sentence before he began to serve the suspended portion of that sentence. This court has never faced the specific issue of whether a trial court may revoke a suspended sentence for acts committed after imposition of the sentence but before commencement of the suspended portion of the sentence.

■ Again, the great weight of authority is that a trial court may revoke a suspended sentence or probation even before a defendant begins to serve the suspended portion. *United States v. Ross,* 503 F.2d 940 (5th Cir.1974); *State v. Morris,* 98 Idaho 328, 563 P.2d 52 (1977); *Brown v. Com.,* 564 S.W.2d 21 (Ky.App.1977); *State v. Sullivan,* 642 P.2d 1008 (Mont.1982); *see* Annot., 22 A.L.R.4th 755 (1983). What comes out of these cases is the strong public policy that if a person convicted of a crime and granted a period of probation or suspension as part of the sentence should commit offenses of such nature as to demonstrate to the court that he is unworthy of the suspension, the court has the power to revoke or change the suspension, both during the time of the suspended sentence and before the suspended portion begins. *State v. Sullivan, supra.*

■ Appellant's argument that SDCL 23A–27–13 permits revocation of a suspend-

---

**2.** It should be noted that the 1983 Legislature amended SDCL 23A–27–18.1 to read in pertinent part: "[T]he conditions of suspension of execution imposed pursuant to § 23A–27–18, may include the requirement that the defendant

be imprisoned in the county jail for a specific period not exceeding one hundred eighty days or in the state penitentiary for a specific period not exceeding sixty days . . . ."

ed sentence only while a defendant is serving the suspended part of the sentence is not convincing.[3] First, the statute does not prohibit a court from revoking a suspension before the suspended portion has begun; it merely allows the court to act during the suspension. Second, to give SDCL 23A–27–13 the interpretation appellant desires would be totally inconsistent with the authorities and the policy considerations discussed above. *See State v. Sullivan, supra,* which dealt with a Montana statute very similar to SDCL 23A–27–13. Therefore, we hold that the trial court properly revoked the suspended sentence after imposition of the sentence but before commencement of the suspended portion of the sentence.

We have examined the other contentions of appellant and find them to be without merit.

The sentences are affirmed.

FOSHEIM, C.J., and WOLLMAN and MORGAN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

The Circuit Courts of this State are given the power to suspend imposition or execution of sentences by the South Dakota Constitution art. V, § 5. It is not a power that is inherent within the Courts or the Legislature. *State v. Marshall,* 247 N.W.2d 484 (S.D.1976).

As I have oft expressed since seated on this Court, the Constitution is the mother law and it takes precedence over every legal treatise, law article, statute, regulation, or the statement (oral or written) of a judge.

S.D. Const. art. V, § 5, provides in part: "Imposition or execution of a sentence may be suspended by the court empowered to impose the sentence *unless otherwise provided by law.*" (Emphasis supplied.) This latter clause obviously refers to a state statute. And at the time of sentencing of this appellant, there was no statute which allowed incarceration in the South Dakota State Penitentiary as a condition of suspension. It is true, that at the time of sentencing, South Dakota did have a statute on its books which allowed incarceration in a county jail for up to 60 days as a condition of suspended sentence. SDCL 23A–27–18.1. No statutory authority existed for incarceration in the Penitentiary as part of a suspended sentence when this appellant was sentenced on May 4, 1982.

As pointed out by the majority opinion, a 1983 amendment to SDCL 23A–27–18.1 changed the law to not only permit imprisonment in the county jail for a period not to exceed 180 days but also imprisonment in the State Penitentiary for a specific period not to exceed 60 days.

Be mindful that the sentencing judge, in 1982, sentenced this appellant to three years in the State Penitentiary with two years of the sentence suspended, or a net sentence to the State Penitentiary of one year. To this very day, there is no statute "otherwise provided by law" to our state constitution which permits any imprisonment in the State Penitentiary of one year via a suspended sentencing process. The limit, to this day, is 60 days in the State Penitentiary.

The sentencing judge's sentence was unlawful because it was not authorized by state statute and it caused the imprisonment of appellant absent specific authority. As for plain error, a circuit court judge can only sentence pursuant to statute, no matter how creative he might desire his sentence to be. This Court has recently condemned creative sentencing which exceeds statutory boundaries. *State v. Griffee,* 331 N.W.2d 576 (S.D.1983). Here, the statutory boundary was 60 days in the county jail. Clearly—plainly, the circuit court exceeded its jurisdiction. The sentencing court mistakenly sentenced this appellant. The South Dakota Supreme Court has held that mistaken interpretations of South Dakota

---

**3.** SDCL 23A–27–13 states, in pertinent part: "A court may revoke such suspension at any time during the probationary period and impose and execute sentence without diminishment ...."

statutes substantially affected the rights of defendants. *State v. Bunnell,* 324 N.W.2d 418 (S.D.1982); *State v. Brammer,* 304 N.W.2d 111 (S.D.1981). I can imagine no more greater error or plain error than to put a man in the State Penitentiary under a suspended sentence for an entire period of one year of his life when there is absolutely no law which permits it. To countenance this obvious sentencing error, as not being plain error, is to create a broad expanse of uncertainty and unpredictability for the legal community in the future. For indeed, an error might be an error as a rose is a rose, but when may it be dubbed a "plain error" which affects substantial rights?

Therefore, appellant has the right to invoke the plain error doctrine before this Court and to use it, and the mother constitution, as a means to unburden himself from an illegal yoke of restraint. I would reverse. I would favorably grant this appeal, pointing out that the circuit judge hearing the revocation proceeding was not the original sentencing judge, and direct that an order of remedial fulfillment be entered forthwith granting appellant his freedom from and quashing the illegal sentence. I further highlight that this appellant has not contended he is innocent of escape. Rather, he pleaded guilty to escape from the State Penitentiary Farm Facility in Yankton, South Dakota, and was sentenced to three and one-half years in the State Penitentiary and confined under that conviction. His good time should be computed upon his escape conviction to determine his eligibility date for parole.