No. 99-309

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 225

301 Mont. 228

8 P. 3d 112

STATE OF MONTANA,

Plaintiff/ Respondent,

v.

ANTHONY VALLIER,

Defendant/ Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl Jensen, Cascade County Public Defender's Office, Great Falls, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Carol Schmidt, Assistant Montana Attorney General, Helena, Montana; Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: March 23, 2000

Decided: August 17, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Anthony Vallier (Vallier) appeals from an order of the Eighth Judicial District Court, Cascade County, revoking a previously suspended sentence. We affirm.

¶2 The only issue on appeal is whether the District Court properly revoked Vallier's suspended sentence because he failed to complete phase II of the sexual offender treatment program while incarcerated, as required under his sentence.

## FACTUAL BACKGROUND

¶3 On April 1, 1993, Vallier sexually assaulted an 11-year-old girl while holding a knife to her throat. He was subsequently charged with felony assault, in violation of § 45-5-201(3) (1993), MCA, and with felony sexual assault, in violation of § 45-5-502(3) (1993), MCA. Vallier plead guilty to both charges. The court sentenced Vallier to 5 years for the felony assault and 20 years for the felony sexual assault, the sentences to run concurrently. The court also ordered that "the Defendant not be released from the Montana State Prison until completion of a Sexual Offender Treatment Program." The court suspended 10 years of Vallier's sentence on the conditions listed. Included among the required conditions were: "[t]hat the Defendant not use or possess alcohol and/or drugs . . ." and "[t]hat the Defendant complete the program at the Montana State Prison for Sexual Offenders."

¶4 After initially failing phase I of the sexual offender treatment program, Vallier passed this portion of the program in February 1996. Vallier was assigned a tutor to assist him in the program because he has some cognitive problems. Vallier, nonetheless refused to comply with any of the program requirements. He would not do his homework or show up for class. Vallier has not completed phase II of the sexual offender treatment program as

required as a condition of his suspended sentence.

¶5 Vallier was scheduled to be discharged of his active sentence on August 20, 1998. Before this time, the State filed a petition for revocation of Vallier's suspended sentence with a supporting affidavit. The State alleged that Vallier had not completed his sexual offender treatment and had violated the prohibition from use of alcohol and/or drugs. Vallier answered, "not true" to the alleged violations. The court subsequently granted his motion for a mental health evaluation. On January 29, 1999, Vallier filed a motion to dismiss the revocation petition. The State responded, arguing Vallier's motion to dismiss should be denied.

¶6 On April 20, 1999, the court held a hearing to determine the disposition of the petition to revoke Vallier's suspended sentence. The court granted the State's petition to revoke Vallier's 10-year suspended sentence, suspending 5 years if he completes phase II of the sexual offender treatment program while incarcerated. Based on the information presented at sentencing and a review of Vallier's sexual offender evaluation, as well as the statements of the victim and the offender, the court designated Vallier as a level 3 sexual offender. Therefore, the court ordered that Vallier must complete phase II of the treatment program while incarcerated and before he could be safely allowed into a community. Vallier appeals the District Court's order.

## STANDARD OF REVIEW

¶7 We review a district court's determination to revoke a suspended sentence for an abuse of discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State. State v. Williams, 1999 MT 240, ¶ 11, 296 Mont. 258, ¶ 11, 993 P.2d 1, ¶ 11. The standard for revoking a suspended sentence requires that a district court be reasonably satisfied that the probationer's conduct was not what he agreed it would be if he was given liberty. *Williams* at ¶ 11.

## DISCUSSION

¶8 Did the District Court properly revoked Vallier's suspended sentence because he failed to complete phase II of the sexual offender treatment program while incarcerated, as required under his sentence?

¶9 Vallier concedes that the District Court may revoke his suspended sentence before he

actually begins serving his suspended sentence. State v. Sullivan (1982), 197 Mont. 395, 642 P.2d 1008 (parolee had not yet passed the transition date from parole to suspended sentence time when his suspended sentence was rightfully revoked); Christofferson v. State (1995), 272 Mont. 518, 901 P.2d 588 (a suspended sentence was revoked because the parolee violated its terms before the suspended sentence time had begun). Vallier, however, argues that the District Court should have considered allowing him to complete his sexual offender treatment in a community based facility and that his failure to complete the program while incarcerated is not of a nature as to require him to stay incarcerated. We do not agree.

¶10 Section 46-18-203, MCA, governs the revocation of a suspended sentence. Its relevant parts read as follows:

> (7) (a) If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence, the judge may:

> (iii) revoke the suspension of sentence and require the offender to serve either the sentence imposed or any lesser sentence; . . .

This statute only requires a finding that the terms and conditions of the suspended sentence have been violated before revoking the suspended sentence. *Williams* at ¶ 16 (§ 46-18-203, MCA, does not require a finding of willfulness). The District Court has no affirmative duty to find an appropriate community based sexual offender treatment program that does not involve incarceration. *Williams* at ¶ 23 (rejecting the defendant's argument to extend our holding in Lopez v. Crist (1978), 176 Mont. 352, 578 P.2d 312).

¶ 11 In *Williams*, the defendant entered a guilty plea to sexual intercourse without consent. In exchange for his guilty plea, he received a 5-year suspended sentence to the Department of Corrections, followed by a 15-year suspended sentence to the Montana State Prison. His suspended sentence was subject to his completion of an approved sexual offender treatment program. His probation officer recommended that he be placed in the Billings Prerelease Center. No prerelease center, however, would accept him. Williams remained incarcerated because he had no appropriate place to stay.

¶12 The State filed a petition to revoke Williams' suspended sentence because he was unable to meet the conditions of suspension. Williams argued that because he is not able to comply with the conditions of his suspended sentence through any fault of his own, that

his suspended sentence should not be revoked. He also argued that the district court had a duty to find a community based program for him. The district court rejected his arguments and revoked his suspended sentence. We affirmed.

¶13 Likewise, Vallier has not met the terms and conditions of his suspended sentence. The sentencing court conditioned Vallier's suspended sentence upon his completion of the sexual offender treatment program while incarcerated in prison. Vallier has not completed this program. Unlike *Williams*, Vallier had the opportunity to complete his sexual offender treatment, only he refused to cooperate. Vallier's failure to complete his sexual offender treatment is of such a nature as to require his continued incarceration.

¶14 Several reasons exist to keep sexual offenders incarcerated. They are kept confined not only for their own rehabilitation, but also to protect society from them. Vallier committed a violent sexual offense against an 11-year-old child. While incarcerated, he refused to cooperate with his sexual offender treatment program. Further, the District Court heard substantial evidence why Vallier should not be inflicted upon a community.

¶15 At the hearing to decide whether to revoke Vallier's suspended sentence the District Court heard compelling testimony that Vallier should not be released into a community. Donald Kelly, a probation and parole officer, testified that he believed Vallier constituted a significant risk to a community. He elaborated that he believed Vallier lacked enough empathy for his victims to keep him from reoffending, and should he reoffend, Kelly believes that Vallier will kill the next victim rather than have her testify against him. Kelly further testified that Vallier had tested positive for drugs while in prison and he also sent threatening letters to his ex-wife. The District Court also recognized that Dr. Scolatti did not believe Vallier was ready to be placed in a community. In fact, the District Court adopted Dr. Scolatti's designation of Vallier as a risk level 3, which means he is at a high risk to reoffend. These testimonies combined with Vallier's continued failure to complete his sexual offender treatment program, constitute compelling evidence that Vallier should not be released into a community.

¶16 When we view the evidence in the light most favorable to the State, we conclude that Vallier's failure to complete his required sexual offender treatment program is of such a nature as to require his continued incarceration. One of the conditions of his suspended sentence was that he complete the sexual offender treatment program while incarcerated. He has failed to do so. Testimony establishes that he poses a serious threat to a community until he receives this treatment. We hold that Vallier has failed to meet his burden of

establishing that the District Court abused its discretion.

¶17 The order of the District Court revoking Vallier's suspended sentence is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART