

DA 07-0308

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 118

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

KENNETH EDWARD BURCH,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twelfth Judicial District, In and For the County of Hill, Cause No. DC 1999-067 Honorable John C. McKeon, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender, Shannon L. McDonald, Assistant Appellate Defender, Helena, Montana

        For Appellee:

            Hon. Mike McGrath, Montana Attorney General, Jesse A. Laslovich, Assistant Attorney General, Helena, Montana

            Cyndee L. Peterson, Hill County Attorney, Havre, Montana

Submitted on Briefs:  January 8, 2008

Decided:  April 9, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Kenneth Edward Burch (Burch) appeals from an order of the Twelfth Judicial District, Hill County which revoked a suspended sentence for sexual assault originally imposed on Burch on April 13, 2000.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     On December 20, 1999, Burch voluntarily pled guilty to the following felonies: sexual intercourse without consent, in violation of § 45-5-503, MCA; criminal sale of dangerous drugs, in violation of § 45-9-101(1), MCA; and sexual assault, in violation of § 45-5-502, MCA.  On April 13, 2000, he was sentenced for these offenses and designated as a level III sex offender.  The District Court sentenced Burch to eight years for sexual intercourse without consent, and five years for criminal sale of dangerous drugs.  The District Court sentenced Burch to sixteen years for sexual assault, but suspended the last eight years of that sentence so long as Burch complied with a total of nineteen conditions.  These sentences were to run concurrently with one another.  The conditions of Burch's suspended sentence for sexual assault, designated as (a) through (s) in the sentencing order, applied to Burch "[d]uring the suspended portion of the sentence, and upon any parole . . . ."  Of particular relevance to the present appeal is condition (f), which states that "Defendant shall have no pornographic material, i.e., magazines, books or access to the internet."  Further, condition (b) required Burch to comply with all county, state and federal laws and conduct himself as a good citizen.

¶3     On December 22, 2005, the Board of Pardons and Parole (Board) paroled Burch to the Intensive Supervision Program (ISP) in Billings, Montana.  He completed the

2

program on July 6, 2006, and was then assigned to standard community supervision and subjected to the standard rules of parole as set by the Board. On February 1, 2007, Burch's probation officer filed a report alleging that Burch had violated the conditions of his parole. The report alleged that Burch had written two bad checks on a closed account to his sex offender treatment provider leading to his termination from the program. The report also alleged that probation officers discovered adult pornography and pictures of naked children on his computer at work, and that Burch admitted to using his computer to view pornography.

¶4 Although the document setting forth the parole conditions imposed by the Board has not been provided in the record, those conditions relevant to Burch's parole violation are listed in the violation report, and are not disputed or challenged by Burch. They read as follows:

> Parole Condition # 8: LAWS & CONDUCT: I shall comply with all city, county, state, federal laws, ordinances, and conduct myself as a good citizen.
>
> Parole Condition # 15: The Defendant shall enter into and complete an approved sexual offender treatment program.
>
> Parole Condition # 16: The Defendant shall comply with all of the rules and policies in place at his treatment program.
>
> Parole Condition # 19: The Defendant shall not have access to the internet, unless expressly approved in writing by his therapist and supervising officer, nor shall he have on any computer he has access to, any software that is intended for data elimination, encryption or hiding data.
>
> Parole Condition # 28: The Defendant shall not use or have pornography or sexually explicit material within his control and will not frequent establishments whose primary business pertains to sexually orientated or erotic material.

¶5 As a result of the violation report, the State filed a petition to revoke Burch's suspended sentence on February 5, 2007. The State alleged Burch violated judgment condition (b) and parole condition eight by writing two bad checks on a closed account. The State also argued parole conditions fifteen and sixteen were violated because Burch was terminated from his sex offender treatment program as a result of writing the bad checks. Lastly, the State asserted that Burch violated parole conditions nineteen and twenty-eight because he had been caught using his work computer to view pornography and had admitted to viewing pornography on at least twelve occasions.

¶6 An evidentiary hearing on this petition was held on May 1, 2007. At the conclusion of the hearing, the District Court granted the petition and revoked the suspended portion of Burch's sixteen year sentence for the sexual assault conviction.

¶7 At the revocation hearing, Burch argued that the District Court could not revoke the suspended portion of his sentence, because he was released on parole until April 5, 2008, which was prior to the date upon which the suspended sentence would actually begin to run (i.e., eight years from the April 13, 2000 date of sentence). However, the District Court rejected that argument, citing to *State v. Vallier*, 2000 MT 225, 301 Mont. 228, 8 P.3d 112, and held that § 46-18-203, MCA, "does not prohibit the revocation of a suspended sentence before the defendant actually begins serving the suspended sentence . . . ." The District Court further found that a preponderance of the evidence demonstrated a sufficient basis for revoking Burch's suspended sentence, and ordered

that Burch be committed to the Montana State Prison for the remainder of his sixteen year sentence on the sexual assault conviction.

¶8 Burch now timely appeals the revocation of his suspended sentence by the District Court. Burch argues that the District Court lacked the authority to impose any parole conditions on him, and further exceeded its authority when it revoked his sentence for the violations occurring while he was on parole. The State urges us to affirm the District Court, arguing the District Court had the authority to impose conditions on Burch's parole and that it was acting within its authority when it revoked Burch's suspended sentence.

## ISSUES

¶9 We state the issues on appeal as follows:

¶10 **Issue One:** Did the District Court have the authority to impose conditions on Burch's parole?

¶11 **Issue Two:** Did the District Court err in revoking Burch's suspended sentence?

## STANDARD OF REVIEW

¶12 We review a sentence in a criminal case for legality, in order to determine whether it is within statutory parameters. *State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, ¶ 41, 133 P.3d 206, ¶ 41 (citing *State v. Ruiz*, 2005 MT 117, ¶ 8, 327 Mont. 109, ¶ 8, 112 P.3d 1001, ¶ 8). Because a district court's authority to sentence a defendant is "defined and constrained by statute, and the court has no power to impose a sentence in the absence of specific statutory authority . . . '[a] sentence not based on statutory authority is an illegal sentence.' " *Hicks*, ¶ 41 (quoting *Ruiz*, ¶ 12).

5

¶13  **Issue One:** *Did the District Court have the authority to impose conditions on Burch's parole?*

¶14  Burch argues that the District Court did not have the statutory authority to impose conditions on his parole. In support of his argument, Burch points to § 46-18-201(4), MCA, which provides: "When deferring imposition of sentence or suspending all or a portion of execution of sentence, the sentencing judge may impose upon the offender any reasonable restrictions or conditions during the period of the deferred imposition or suspension of sentence." Burch points out that while the statute does give the sentencing judge the authority to impose conditions on the "deferred imposition or suspension of sentence," this statute makes no mention of a sentencing judge's authority to impose conditions on parole. Additionally, Burch points to § 46-12-202(2), MCA, which states:

> Whenever the sentencing judge imposes a sentence of imprisonment in a state prison for a term exceeding 1 year, the sentencing judge may also impose the restriction that the offender is ineligible for parole and participation in the supervised release program while serving that term. If the restriction is to be imposed, the sentencing judge shall state the reasons for it in writing. If the sentencing judge finds that the restriction is necessary for the protection of society, the judge shall impose the restriction as part of the sentence and the judgment must contain a statement of the reasons for the restriction.

¶15  Burch argues these statutes do not give sentencing judges statutory authority to impose conditions upon parole. Instead, Burch maintains, the statutes governing parole demonstrate that the Board has the sole authority to impose parole conditions. First, Burch notes that § 46-23-1001(3), MCA, explicitly defines "parole" as "the release to the community of a prisoner by the decision of the board prior to the expiration of the

6

prisoner's term, subject to conditions imposed by the board and subject to supervision of the department." Burch also notes that § 46-23-215(1), MCA, states that "[a] prisoner while on parole remains in the legal custody of the department [of corrections] but is subject to the orders of the board." Further, § 46-23-218(1), MCA, provides that the Board is given the authority to "adopt any rules that it considers proper or necessary with respect to the eligibility of prisoners for parole . . . [and] the conditions to be imposed upon parolees . . . ." These statutes, Burch maintains, show that the general authority to impose parole conditions rests with the Board, and not with sentencing judges in district courts.

¶16 Burch concedes that sentencing judges do have the authority to impose restitution conditions which cover the period of probation and parole under § 46-18-241(1), MCA, and to impose parole conditions in other specific instances, including parole conditions on sexual offenders under §§ 46-18-206 and 255, MCA. However, Burch maintains that sentencing judges are not generally authorized to impose parole conditions in the absence of express statutory authority. As a result, Burch argues that the parole conditions imposed upon him by the District Court in this case were not authorized by statute and constitute an illegal sentence.

¶17 The State maintains the District Court had the authority to impose parole conditions on Burch in this case. The State argues that district courts generally have the jurisdictional authority to impose conditions upon a defendant's sentence—including parole conditions—which are reasonably related to the defendant's rehabilitation and the protection of society. The State claims authority for this proposition in the Montana

statutes and case law.  For instance, the State maintains that § 46-18-202(1), MCA, provides a statutory basis for a sentencing judge to impose conditions on parole.  That statute reads as follows:

> (1)   The sentencing judge may also impose any of the following restrictions or conditions on the sentence provided for in 46-18-201 that the judge considers necessary to obtain the objectives of rehabilitation and the protection of the victim and society:
> (a)  prohibition of the offender's holding public office;
> (b)  prohibition of the offender's owning or carrying a dangerous weapon;
> (c)  restrictions on the offender's freedom of association;
> (d)  restrictions on the offender's freedom of movement;
> (e)  a requirement that the defendant provide a biological sample for DNA testing for purposes of Title 44, chapter 6, part 1, if an agreement to do so is part of the plea bargain;
> (f)   any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society.

Section 46-18-202(1), MCA.

¶18   Since sentencing judges have the power to impose "restrictions or conditions" on a prisoner's sentence, the State reasons that conditions on parole are lawful because parole is statutorily defined as "the release to the community of a prisoner . . . prior to the expiration of the prisoner's term . . . ."  Section 46-23-1001(3), MCA.  In other words, because the term of parole is within the sentence originally imposed by the district court, the district court has the authority to impose parole conditions on a defendant it has sentenced.

¶19   As further support of this argument, the State cites to § 46-18-801(1), MCA, which reads as follows:

> Conviction of an offense does not deprive the offender of a civil or constitutional right, except as provided in the Montana constitution or as specifically enumerated by the sentencing judge as a necessary condition

8

of the sentence directed toward the objectives of rehabilitation and the protection of society. If the sentencing judge incorporates by reference in the sentencing order rules of the department of corrections or the board of pardons and parole setting conditions of probation, parole, or supervised release with which the offender is required to comply, the incorporation by reference constitutes a specific enumeration of the conditions for purposes of this section.

Section 46-18-801(1), MCA.

¶20 The State argues this statute underscores the notion that a sentencing judge has the authority to attach necessary conditions, including parole conditions, which reasonably relate to a prisoner's rehabilitation and the protection of society. The State maintains the "broad discretion" of district courts to impose parole conditions on a prisoner's sentence is supported by *State v. Bourne*, 259 Mont. 274, 856 P.2d 222 (1993), *State v. Klippenstein*, 239 Mont. 42, 778 P.2d 892 (1989), and *State v. Todd*, 257 Mont. 321, 849 P.2d 175 (1993).

¶21 Additionally, while the State concedes that the Board has statutory authority to impose conditions on parolees under § 46-23-218, MCA, it asserts that this should not be read to imply that the Board's authority is exclusive. The State argues, in fact, that sentencing judges and the Board have "overlapping authority" to impose parole conditions. As support for this proposition, the State points to Admin. R. M. 20.7.1101(9) (2007), which states: "The Montana board of pardons, the sentencing court, or the department of corrections and human services may require other and additional conditions to be placed upon the probationer or parolee. The conditions shall be in writing by the agency involved and shall be made a part of any agreement signed by the probationer/parolee."

9

¶22 In addition to the State's theory that statutory authority provides sentencing judges with what might be termed a "residual authority" to impose parole conditions, the State also points to specific statutes which give district courts the express statutory authority to impose parole conditions on sex offenders. For instance, § 46-18-206, MCA, gives sentencing judges statutory authority to require sexual offenders to participate in a program of continuous satellite monitoring as a condition of their parole, with participation monitored by the Board as described in § 46-23-1010, MCA. Further, § 46-18-255(1), MCA, provides as follows:

> **Sentence upon conviction -- restriction on employment and residency.**
> (1) A judge sentencing a person upon conviction of a sexual or violent offense shall, as a condition to probation, parole, or deferment or suspension of sentence, impose upon the defendant reasonable employment or occupational prohibitions and restrictions designed to protect the class or classes of persons containing the likely victims of further offenses by the defendant.

¶23 As we have stated in many instances, district courts do not have the power to impose a sentence unless authorized by a specific grant of statutory authority. *Hicks*, ¶ 41; *Ruiz*, ¶ 12; *Pena v. State*, 2004 MT 293, ¶ 24, 323 Mont. 347, ¶ 24, 100 P.3d 154, ¶ 24; *State v. Nelson*, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24. Thus, resolution of this issue requires us to interpret the statutes governing a sentencing judge's authority to impose a sentence in order to determine whether they provide a general authority to impose parole conditions. In interpreting such statutes, our role "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where the plain language of the

10

statute is clear and unambiguous, no further interpretation is required." *State v. Kroll*, 2004 MT 203, ¶ 17, 322 Mont. 294, ¶ 17, 95 P.3d 717, ¶ 17 (citations omitted).

¶24 We reject the State's argument that the statutes governing a sentencing judge's authority gives a judge residual authority to impose parole conditions when deemed reasonably related to the defendant's rehabilitation and the protection of society. Section 46-18-202(1), MCA, gives sentencing judges the statutory authority to impose the restrictions and conditions listed in subsections (1)(a) through (f) of the statute (See ¶ 17), "on the sentence provided for in 46-18-201 . . . ." In other words, the sentencing authority of sentencing judges is constrained and defined by § 46-18-201, MCA.

¶25 Section 46-18-201(1)(a), MCA, gives sentencing judges the authority to defer imposition of a sentence upon a verdict or plea of guilty, or plea of nolo contendere, except as otherwise provided for by statute, for the time periods described in (1)(a)(i) and (ii). Subsection (2) of that statute grants sentencing judges a similar authority with respect to their ability to suspend the imposition of sentence. Subsection (3) then lists a series of sentencing conditions, contained in (3)(a) through (h), which a sentencing judge may impose upon a person who pleads guilty or nolo contendere to a criminal offense, or is found guilty upon a verdict. None of these conditions provide for the imposition of parole conditions. Subsection (4) then provides a non-exclusive list of conditions, contained in (4)(a) through (p), that a sentencing judge may impose during the term of a deferred or suspended sentence. Again, no authority for imposing parole conditions is described in this subsection. Subsection (5) gives sentencing judges the authority to impose restitution, and subsection (6) allows a sentencing judge to suspend licenses and

11

driving privileges. Finally, subsections (7) and (8) address the supervision of probationers under the Department of Corrections and the registration of sexual and violent offenders.

¶26 In sum, nothing in § 46-18-201, MCA, gives sentencing judges the authority to impose parole conditions. Thus, the State's reliance on § 46-18-202(1), MCA, is misplaced. According to the plain language of § 46-18-202(1), MCA, it cannot provide any greater sentencing authority than is provided for in § 46-18-201, MCA. Thus, § 46-18-202(1)(f), MCA, which permits sentencing judges to impose "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society . . ." cannot be construed to provide a residual authority to impose parole conditions. Moreover, while § 46-18-202(2), MCA, does allow sentencing judges to render a convicted person ineligible for parole if his or her sentence is for more than one year, it does otherwise not provide authority for sentencing judges to impose conditions on parole. See ¶ 14.

¶27 The State also cites to statutes under Title 46, Chapter 23, Part 10, to argue that parole conditions should be included within a sentencing judge's authority because parole is statutorily defined as "the release to the community of a prisoner . . . prior to the expiration of the prisoner's term." Section 46-23-1001(3), MCA. However, this statute is hardly appropriate authority for determining the extent of a sentencing judge's statutory authority to impose parole conditions. Title 46, Chapter 23, Part 10 is entitled "Supervision of Probationers and Parolees," and relates to the responsibilities of the Board in supervising and imposing conditions upon both probationers and parolees. It

has no relevance to the statutory authority of sentencing judges, as those matters are clearly addressed in Title 46, Chapter 18, Part 2, entitled "Form of Sentence." *See Gamble v. Sears*, 2007 MT 131, ¶ 59, 337 Mont. 354, ¶ 59, 160 P.3d 537, ¶ 59 (citing *Orr v. State*, 2004 MT 354, ¶ 25, 324 Mont. 391, ¶ 25, 106 P.3d 100, ¶ 25) ("As we have often held, in interpreting a statute we must view it as a part of a whole statutory scheme and construe it so as to forward the purpose of that scheme.")

¶28 Similarly, we reject the State's reliance on § 46-18-801(1), MCA. Subsection (1) provides: "[i]f the sentencing judge incorporates by reference in the sentencing order rules of the department of corrections or the board of pardons and parole setting conditions of probation, parole, or supervised release with which the offender is required to comply, the incorporation by reference constitutes a specific enumeration of the conditions for purposes of this section." Section 46-18-801(1), MCA. This statute would support the State's argument if a sentencing judge actually had the power to impose parole conditions. However, given our construction of §§ 46-18-201 and 202, MCA, above, we decline the invitation to rely on this statute—which is located in a part of Chapter 18 entitled "Effect of Conviction"—as authoritative in construing the statutory authority of sentencing judges, when it is Part 2 which delineates and describes with specificity the extent of sentencing judges' authority.

¶29 In this connection, we also take note of the State's reliance on Admin. R. M. 20.7.1101(9) (2007). The plain language of this administrative regulation appears to give sentencing courts the authority to place conditions upon parole. Again, it provides in pertinent part that the sentencing court may require conditions to be placed upon a

13

parolee. (See ¶ 21 for full text). However, we have repeatedly held that a district court's authority is determined by statute, not administrative rule. (See ¶ 23). In the absence of direct statutory authority, therefore, the administrative rule cannot provide the sentencing court with any greater authority over and above that provided by statute. Moreover, because the Board is an executive agency, the ability of the Board to invest courts with jurisdiction to impose parole conditions raises serious separation of powers concerns under the Montana Constitution. Thus, we do not find that this administrative regulation provides authority for the State's position.

¶30 Although we conclude that sentencing judges do not have a general or residual authority to impose parole conditions, one of the parole conditions imposed by the District Court in this case was nevertheless within its statutory authority. Here, parole/suspended sentence condition (f) stated that "Defendant shall have no pornographic material, i.e., magazines, books or access to the internet." Sentencing judges do have an explicit grant of statutory authority to impose parole conditions upon persons convicted of a sexual or violent offense so long as they are "reasonable employment or occupational prohibitions and restrictions designed to protect the class or classes of persons containing the likely victims of further offenses by the defendant." Section 46-18-255(1), MCA. Although parole condition (f) is written in general terms, it is within the statutory authority of the District Court to impose such a condition as a "reasonable employment or occupation prohibition," given that it would apply to Burch during the time he was at work.

¶31 However, the remainder of the conditions, while within the District Court's authority as conditions imposed during the suspended portion of Burch's sentence, cannot be made applicable as parole conditions under the statutory authority granted to the District Court.

¶32 **Issue Two:** *Did the District Court err in revoking Burch's suspended sentence?*

¶33 "We review a district court's determination to revoke a suspended sentence for an abuse of discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State." *Vallier*, ¶ 7. The statutory authority for the District Court's decision to revoke Burch's suspended sentence is contained in § 46-18-203(1), MCA (1999).

> Upon the filing of a petition for revocation showing probable cause that the offender has violated any condition of a sentence or any condition of a deferred imposition of sentence, the judge may issue an order for a hearing on revocation. The order must require the offender to appear at a specified time and place for the hearing and be served by delivering a copy of the petition and order to the offender personally. The judge may also issue an arrest warrant directing any peace officer or a probation officer to arrest the offender and bring the offender before the court.

¶34 Section 46-18-203(7)(a)(iii), MCA (1999), further provides that if a judge finds the defendant has violated the terms and conditions of the suspended sentence, she may "revoke the suspension of sentence and require the offender to serve either the sentence imposed or any lesser sentence . . . ." As the District Court correctly held, under this statute a judge has the authority to revoke a suspended sentence before the defendant actually begins serving that sentence. *Vallier*, ¶ 9.

¶35    In this case, the District Court imposed a number of conditions on Burch which were to apply during the suspended portion of his sentence, and during parole. While only condition (f) is appropriate as a parole condition, all of the conditions are within the District Court's authority as conditions of a suspended sentence. It is undisputed that Burch violated conditions (b) and (f) in this case. (See ¶¶ 2-5). Thus, even though Burch had not yet begun his suspended sentence, under *Vallier* and § 46-18-203, MCA (1999), the District Court had the authority to revoke Burch's suspended sentence and did not abuse its discretion in so doing.

## CONCLUSION

¶36    We hold that sentencing judges have only the power to impose those parole conditions which are specifically and explicitly authorized by statute. Sentencing judges do not have a residual or inherent authority under Title 46, Chapter 18, Part 2, to generally impose parole conditions. In this case, however, the District Court imposed a number of conditions which applied equally to Burch's parole and his suspended sentence. All of the conditions on Burch's suspended sentence were proper, whereas only one condition upon his parole, condition (f), was statutorily authorized by virtue of § 46-18-255, MCA. The evidence before the District Court, including Burch's own admissions, established by a preponderance of the evidence that Burch violated the conditions of his suspended sentence. Thus, the District Court did not abuse its discretion in revoking Burch's suspended sentence and we affirm its decision.

/S/ PATRICIA COTTER

16

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS