FILED

February 10 2015

Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: DA 12-0742

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 12-0742

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JAMES ROBERT PILLER,

Defendant and Appellant.

O R D E R

On December 30, 2014, we issued the Opinion, *State v. Piller*, 2014 MT 342. Piller filed a timely petition for rehearing pursuant to M. R. App. P. 20(1)(a), and the State responded. This Court seldom grants petitions for rehearing. Under M. R. App. P. 20(1)(a), a petition for rehearing must be based on facts material to the decision which the Court has overlooked, a question presented by counsel that would have proven decisive to the case but was overlooked, or a statute or controlling decision that conflicts with the Court's decision and was not addressed.

Piller argues that the Opinion neglected to address *State v. Burch*, 2008 MT 118, 342 Mont. 499, 182 P.3d 66, which specifically states that a district court may not change a defendant's conditions of parole. In the Opinion, we erroneously referenced conditions of "parole," or sentences of "parolees," *see* Opinion, ¶¶ 6, 9, 14, 18, 20, 23, when in fact we were addressing modifications to the conditions of a suspended sentence, or probation, at a revocation proceeding under § 46-18-203, MCA. District courts have authority to modify such conditions at revocation under the authority of *State v. Tirey*, 2010 MT 283, 358 Mont. 510, 247 P.3d 701 and § 46-18-203(7), MCA. This power was made expressly retroactive, and applies to the sentences of all offenders, not parolees, under the jurisdiction of the Department of Corrections. 2001 Mont. Laws, ch. 493, § 10. Piller also cites a factual error in the Opinion, *see* ¶ 5, in which we reference probation

1

officer John Boyd's request to the District Court, when in fact Boyd was communicating with the county attorney to request amendments to the conditions of Piller's suspended sentence.

The State objects to Piller's petition for rehearing, arguing that the erroneous reference to "parole" has no bearing on our legal analysis under the authority of *Tirey* and § 46-18-203(7), MCA. However, the State has no objection to correcting the Opinion's erroneous reference to "parole," and the factual error regarding probation officer Boyd.

The Court having fully considered Piller's petition for rehearing and the State's response, we conclude that rehearing is not warranted under the standards of M. R. App. P. 20(1)(a). However, we shall correct the Opinion's erroneous references to "parole," and the factual errors regarding probation officer Boyd. Accordingly,

IT IS ORDERED that the Court's previous Opinion is WITHDRAWN and an Amended Opinion is issued herewith.

IT IS FURTHER ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to mail copies hereof to all parties.

DATED this _____ day of February, 2015.

_____
Chief Justice

_____

_____

_____

_____

2

_____

_____
Justices