

FILED

08/18/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0386

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0386

RODNEY DUBOIS,

Petitioner,

v.

THE STATE OF MONTANA, and
WARDEN DONALD DAVIS,
FLORIDA STATE PRISON,

Respondents.

FILED

AUG 17 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Rodney DuBois has filed a petition for a writ of habeas corpus, challenging the legality of the parole ineligibility restriction in his 2004 sentence, imposed in Montana's Cascade County District Court. He includes a copy of his sentencing judgment. We amend the caption to include the Warden of the Florida State Prison where DuBois is incarcerated.[1] Section 46-22-201(1)(c), MCA.

On May 26, 2004, the District Court sentenced DuBois for deliberate homicide to a life sentence at the Montana State Prison without the possibility of parole. The court ran this sentence consecutively to any other sentence that DuBois was serving. DuBois appealed, raising issues concerning jury instructions and alleged errors with witness cross-examination and closing statements. This Court affirmed. *State v. DuBois*, 2006 MT 89, ¶ 62, 332 Mont. 44, 134 P.3d 82. DuBois also sought postconviction relief in the District Court, and the court denied his petition in 2015. Through counsel, DuBois appealed, and we affirmed the denial. *DuBois v. State*, No. DA 15-0636, 2017 MT 8N, 2017 Mont. LEXIS 10.

---

[1] In his pleading, DuBois explains that he is under the Montana Interstate Corrections Compact, found in §§ 46-19-401, through 46-19-402, MCA. *See also DuBois v. Fletcher*, No. OP 17-0301, Order (Mont. Jun. 6, 2017) (this Court entertained his petition for habeas corpus relief when he was incarcerated at the New Jersey State Prison).

DuBois states that his sentence is illegal because he was sentenced to "life without parole" violating § 45-5-102(1), MCA. DuBois was twenty years old when he committed the offense. He argues nonetheless that his brain was not fully developed, a factor he contends the sentencing judge did not consider. DuBois represents that he is very different from who he was then. He adds that he refused the plea offer of a 100-year sentence with twenty years suspended "because he believed he could only receive 20 more years max by going to trial."

The sentencing judgment demonstrates that the District Court considered many factors, including DuBois' juvenile history, in its three pages of discussing the reasons for the sentence.[2] We provide an excerpt:

> The Defendant spent about two and a half years in prison before coming back to Garfield and Custer County for a review hearing. At that review hearing, Judge Day made findings indicating that the Defendant had been incarcerated in a correctional facility since the age of 14. The Court noted that the Defendant had taken advantage of his time in prison and as a result, Judge Day found that he had been substantially rehabilitated and reduced the Defendant's sentence by suspending all remaining time in both cases and placing him on probation on August 27, 2002. Seven months later, on March 15, 2003, the Defendant shattered the skull of Dion Gukeen by striking him in the head three (3) times with a baseball bat. The Defendant was found guilty of Deliberate Homicide by a jury after a trial.

Judgment of Conviction and Sentencing Order, at 4 (Mont. Eighth Judicial Dist. Ct. Jun. 8, 2004).

DuBois has not demonstrated an illegal sentence because his sentence is valid. We have made clear that a District Court may impose restrictions on parole when imposing a sentence. "[Section] 46-18-202(2), MCA, does allow sentencing judges to render a convicted person ineligible for parole if his or her sentence is for more than one year[.]" *State v. Burch*, 2008 MT 118, ¶ 26, 342 Mont. 499, 182 P.3d 66. Section 46-18-202(2), MCA (2001), states that "the sentencing judge may impose the restriction that the offender is ineligible for parole . . . ." This Montana statute also provides that the court must give its reasons for the restriction, including "that the restriction is

---

[2] His copy of the sentencing judgment is missing page 3.

2

necessary for the protection of society[.]" Section 46-18-202(2), MCA (2001). Here, the sentencing judge acknowledged that DuBois "is but 21 years of age" but found, "based upon his criminal history which is rampant with violence, . . . no reasonable prospect of rehabilitation and that the Defendant is a danger to others and a threat to society at large." Judgment of Conviction and Sentencing Order, at 4 (Mont. Eighth Judicial Dist. Ct. Jun. 8, 2004) (emphasis in original).

DuBois is not entitled to habeas corpus relief. The District Court had authority to impose a parole ineligibility restriction in 2004, and the court provided its reasons under Montana law. DuBois is barred from challenging his 2004 sentence because he has exhausted the remedy of appeal with his earlier appeal where he did not challenge the parole ineligibility restriction. Section 46-22-101(2), MCA.

IT IS THEREFORE ORDERED that DuBois's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record; to Warden Donald Davis, Florida State Prison, P.O. Box 800, Raiford, FL, 32083; and to Rodney Dubois personally.

DATED this 17 day of August, 2021.

_____

_____

_____


_____

_____
Justices

3