

FILED

09/14/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0427

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0427

JEREMIAH KENDALL,

Petitioner,

v.

ORDER

DARREN SHORT,
Lincoln County Sherriff,

Respondent.

FILED

SEP 1 4 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Jeremiah Kendall petitions this Court for habeas corpus relief, contending illegal incarceration because of his harsh sentence for escape. Kendall states that the Lincoln County District Court sentenced him to ten years without parole for the conviction of escape after being "sentenced to house arrest for 12 days and was supposed to turn [himself] in on April 9th." He explains that rather than turning himself in, he left his house "and hid in the woods until caught." Kendall requests reduction of his sentence and a sentence review.

We requested and reviewed the register of actions as well as the sentencing judgment from the District Court. Kendall entered a plea of guilty to felony escape on May 3, 2021, and the District Court held a sentencing hearing. The court sentenced Kendall to the Montana State Prison for ten years with a parole ineligibility restriction and awarded thirty-eight days of credit for time served. The court gave its reasons for the sentence.

1. The sentence takes into account the circumstances surrounding this offense including:
   a. Less than 14 days before his escape, Defendant had been sentenced pursuant to his guilty plea to aggravated assault on his former girlfriend and tampering with evidence.

b. At the time of his sentence the court was forced to implement COVID protections which included home arrest and self-surrender.

c. Defendant did not simply miss a date or was late for an [appointment]. He absconded and went into active hiding.

d. For over a week there was an active man hunt placing law enforcement, Defendant himself, and other members of the community that Defendant involved in his escape at risk.

e. The Defendant's conduct here is not an isolated incident. His criminal history demonstrates he is unable to be successful on community supervision.

f. The seriousness of the offense and the Defendant's criminal history warrant a restriction on his parole eligibility.

[Judgment] and Sentence, at 2-3 (Mont. Nineteenth Judicial Dist. Ct. May 26, 2021).

A district court's sentencing authority is found in statutes. Section 45-7-306(3)(b), MCA, provides that: "A person convicted of the offense of escape shall be[] . . . imprisoned in the state prison for a term not to exceed 10 years if the person escapes after having been with or convicted of a felony[.]" Here, the District Court referenced Kendall's recent convictions and sentence.[1] "[Section] 46-18-202(2), MCA, does allow sentencing judges to render a convicted person ineligible for parole if his or her sentence is for more than one year[.]" *State v. Burch*, 2008 MT 118, ¶ 26, 342 Mont. 499, 182 P.3d 66. Section 46-18-202(2), MCA (2019), states that "the sentencing judge may impose the restriction that the offender is ineligible for parole . . . ." This Montana statute also provides that the court must give its reasons for the restriction, including "that the restriction is necessary for the protection of society[.]" Section 46-18-202(2), MCA (2019). The District Court listed the circumstances for the sentence and the reason for his parole ineligibility. Kendall's sentence is facially valid. On June 11, 2021, Kendall received an application for sentence review and may pursue other review with the Sentence Review Division.

---

[1] Besides the Lake County matters, Kendall also has a 2016 felony conviction for tampering with witnesses and informants where the Missoula County District Court imposed a prison sentence.

2

Kendall is not entitled to a writ of habeas corpus. He has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Kendall's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to Sheriff Darren Short, Lincoln County; to counsel of record, and to Jeremiah Kendall personally.

DATED this 14th day of September, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3