ORIGINAL



FILED

07/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0327

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0327

WILLIAM SEGNA,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

JUL 1 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

William Segna has filed a Petition for Writ of Habeas Corpus, requesting the lifting of the parole restriction from his criminal sentence. Segna explains that he was sentenced on October 28, 2017, in the Butte-Silver Bow County District Court for robbery and aggravated assault. He states that the court sentenced him to two, concurrent forty-year terms to the Montana State Prison. He provides that the court restricted his parole for fifteen years, "stating the restriction is necessary to protect the public." Segna puts forth that a ten-year parole ineligibility restriction is proper and that pursuant to his persistent felony offender designation, the court improperly imposed a longer restriction.

In May 2017, the State of Montana charged Segna with six counts, including felony theft, criminal endangerment, and failure to remain at the scene of an accident involving death or serious bodily injury, when Segna stole a truck and inflicted bodily injury by running over the truck's owner. Segna entered guilty pleas to the first two counts—felony robbery and felony aggravated assault—in exchange for dismissal of the other counts. On October 23, 2017, the District Court found Segna to be a persistent felony offender and sentenced him according to § 46-18-502(1), MCA. The court stated that "[Segna] shall be ineligible for the first 15 years of the sentences imposed on Counts I and II, pursuant to § 46-18-202(2), MCA."

"As we have stated in many instances, district courts do not have the power to impose a sentence unless authorized by a specific grant of statutory authority." *State v. Burch*, 2008 MT 118, ¶ 23, 342 Mont. 499, 182 P.3d 66 (citations omitted). Montana law, however, provides for such a parole ineligibility restriction as long as the court gives its reasons. "If the sentencing judge finds that the restriction is necessary for the protection of society, the judge shall impose the restriction and the judgment must contain a statement of the reasons for the restriction." Section 46-18-202(2), MCA (2015). While Segna is correct that he would be eligible for parole after serving a quarter of his sentence, or ten years, pursuant to § 46-23-201(3), MCA, he is not entitled to have his parole ineligibility restriction comport with the eligibility he would otherwise have if no restriction was imposed. A District Court has authority to impose a restriction for any length of time.

Upon review of the District Court's Judgment and Order of Commitment, the court specifically provided reasons for its sentence and the restriction. The court stated:

> Such restriction is necessary to protect the public. The Defendant's repeated criminal offenses, both felonies and misdemeanors, and his repeated violations of parole/probation conditions imposed upon him as the result of prior convictions, demonstrate that the Defendant is not amenable to community supervision at present. Premature return of the Defendant to a community setting in this case would put community safety at undue risk. The Defendant requires long-term supervision and effective drug addiction treatment in a custodial environment. He has been unable and unwilling to make positive changes in his life every time he previously was afforded the opportunity for community supervision.

Segna is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Segna's fifteen-year parole ineligibility restriction is due to his criminal history and the court's reasons given at sentencing. His designation as a persistent felony offender allowed the court to impose a longer sentence for aggravated assault, which has a maximum punishment of twenty years under the Montana statute. Section 45-5-202(2), MCA.

This Court does not have the authority to lift Segna's restriction here. Segna has a valid sentence. He is not incarcerated illegally. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Segna's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to William Segna personally.

DATED this 12th day of July, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices