ORIGINAL

FILED
11/14/2023
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: OP 23-0453

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0453

BRYCE PETERSON,

Petitioner,

v.

JAMES SALMONSEN, Warden, Montana
State Prison, MONTANA BOARD OF PARDONS
AND PAROLE,

Respondents.

FILED

NOV 1 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Bryce Peterson, via counsel, has filed a Petition for Writ of Habeas Corpus, alleging he is entitled to a hearing on his parole eligibility before the Montana Board of Pardons and Parole (Board) because the parole hearing he received was conducted in violation of his constitutional rights in that the Board imposed conditions or restrictions on Peterson's eligibility for parole. Montana Department of Corrections (DOC) responds that we should deny Peterson's petition because the Board acted within its broad discretion when it recommended that Peterson complete certain programming before his next parole hearing.

Peterson is currently incarcerated at Montana State Prison. In 2008, he entered an *Alford* plea in the Montana Twenty-First Judicial District Court. He was subsequently sentenced to 20 years for aggravated kidnapping, 20 years for aggravated assault, and 10 years for assault with a weapon, all to run consecutively, plus 20 years suspended for aggravated burglary, 10 years suspended for felony intimidation, and six months for first offense misdemeanor partner-family member assault, all to run concurrently. The District Court did not impose any restrictions on Peterson's eligibility for parole.

Peterson became parole eligible on April 15, 2021. He waived his initial appearance three times and ultimately appeared before the Board at a parole hearing on March 16, 2022. The Board denied parole and scheduled Peterson to reappear in March 2024. In

denying parole, the Board recommended that Peterson continue working with mental health and endorsed him to "avail [himself] to any cognitive based programming including victim impact and anger management." The Board further stated that it was denying parole due to the "nature and/or severity of the offense(s); Need for risk reduction programming; Parole at this time would diminish seriousness of the offense; Strong Objection from Criminal Justice Agencies; Multiple offenses."

Peterson then filed this petition, arguing the Board does not have the statutory authority to impose endorsements or programming requirements before it grants parole and does not have the authority to suggest that an inmate complete programming before the next parole hearing. He alleges the Board's recommendation and endorsement is a "mandate" that requires him to successfully complete the programming prior to his next Board appearance in March 2024 and, as such, exceeds the Board's authority under § 46-23-215, MCA (2007).

Peterson is incorrect in his assertion that the Board lacks the authority to impose conditions on future parole. In *McDermott v. McDonald*, 2001 MT 89, ¶ 15, 305 Mont. 166, 24 P.3d 200, we determined that "the Board's authority to impose conditions precedent to parole is both independent of and broader than a court's authority to impose such conditions in a sentence." We held that the Board has broad discretion to grant, deny, or condition parole and "is authorized to consider factors that may not be considered by the district court at trial and sentencing." *McDermott*, ¶ 20.

We have previously denied petitions for writ of habeas corpus under the same facts as Peterson presents here. *Evans v. Kirkegard*, No. OP 16-0-458, 385 Mont. 540, 382 P.3d 867 (Aug. 17, 2016). Peterson's argument that this Court should instead rely on *State v. Burch*, 2008 MT 118, 342 Mont. 499, 182 P.3d 66, and conclude that the Board exceeded its authority is unavailing. In *Burch*, ¶ 31, we held that district courts lack the authority to impose parole conditions unless the court has been granted specific statutory authority to do so. Peterson argues that if the district courts do not have the authority to impose parole conditions, then it stands to reason that the Board does not have the authority to impose

2

conditions preceding parole. Peterson does not take into account the Board's "extremely broad discretion to determine when the statutory criteria for early release have been met." *McDermott*, ¶ 25. As noted above, regarding conditions precedent to parole, that authority is broader than the district court's. *McDermott*, ¶ 15. Here, the Board acted within that authority when it made a recommendation and endorsement while denying Peterson parole.

The burden in a habeas proceeding is upon the petitioner to convince the Court that a writ should be issued. *Miller v. Eleventh Judicial Dist. Court*, 2007 MT 56, ¶ 14, 336 Mont. 207, 154 P.3d 1186 (citations omitted). In the present case, Peterson has failed to convince us that the Board exceeded its authority in endorsing and recommending programming. He has therefore failed to prove that is entitled to a Board hearing.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is DENIED.

The Clerk is directed to provide a copy of this Order to all counsel of record and to Bryce Peterson personally.

DATED this ____ day of November, 2023.

 

_____
Chief Justice

_____

_____

_____

_____
Justices

3