# FILED

October 9 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0120

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 344

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

RANDY ALLEN DENNISON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DC-05-170(A) and DC-99-213(B)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender; Joslyn M. Hunt,
            Assistant Appellate Defender, Helena, Montana

        For Appellee:

            Hon. Mike McGrath, Montana Attorney General; Sheri K. Sprigg,
            Assistant Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  January 23, 2008

Decided:  October 9, 2008

Filed:

_____
                  Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Randall Alan Dennison appeals sentencing conditions imposed on him by the Eleventh Judicial District Court, Flathead County. We reverse the sentencing conditions in part and remand with instructions.

¶2 The issues are:

¶3 1. Did the District Court exceed its sentencing authority by imposing conditions on Dennison's parole?

¶4 2. Did the District Court err by imposing a total fine of $28,850 against Dennison?

BACKGROUND

¶5 In May of 2000, Dennison pled guilty to felony burglary. On June 22, 2000, the District Court sentenced him to 15 years in the custody of the Department of Corrections (DOC) with 10 years suspended, subject to conditions which included paying a $500 fine.

¶6 In 2004, the State of Montana petitioned to revoke the suspended portion of Dennison's sentence based on several violations of the conditions imposed. In March of 2005, the State filed a second petition to revoke, based on additional violations including that Dennison had been charged with new offenses, one of which was felony driving under the influence of alcohol (DUI). In May of 2005, Dennison and the State entered into a plea agreement. Dennison agreed to admit to violating a number of conditions of his suspended sentence, including consuming alcohol on more than one occasion. He also agreed to plead guilty to the new charge of felony DUI. The State agreed to dismiss another felony charge

2

and to make a specified sentencing recommendation on both the revocation and the DUI.

¶7 In August of 2005, the District Court entered judgment imposing a combined sentence. On the revocation, it sentenced Dennison to the Montana State Prison for 10 years with 5 years suspended. On the DUI, it committed Dennison to the DOC for 13 months, followed by a 5-year suspended term of incarceration. The court ordered the DUI sentence to be served consecutively to the sentence on revocation. It also imposed numerous conditions "of parole and probation" in addition to those imposed in 2000. One of the additional conditions required Dennison to pay a $7,700 fine, with $6,700 credit for 134 days served in detention pending disposition, leaving a "net" fine of $1,000. The conditions applied to both portions of Dennison's suspended sentence.

¶8 Dennison moved to amend the judgment in several respects—including additional credit against the 2005 fine for time served. In January of 2006, the court filed an amended order of revocation, judgment and sentence, in which it reimposed the $7,700 fine and credited $6,700, for a "net" fine of $1,000. Then, in February of 2006, in response to a motion for postconviction relief filed by Dennison, the court vacated Dennison's 2005 combined judgment and sentence. In an order filed June 22, 2006, after another hearing, the court sentenced Dennison to DOC custody for 10 years with 5 of those years suspended on the revocation and, in a sentence to be served consecutively on the DUI, to DOC custody for 13 months in an appropriate treatment facility, to be followed by a 5-year suspended sentence. The court imposed conditions "of parole and probation"—in addition to "all requirements imposed by [its] Judgment of June 22, 2000"—including a "total" fine of

$9,200 with a credit of $8,200 for 164 days of time served pending final disposition, for a "net" fine of $1,000.

¶9 Approximately two months later, Dennison moved to amend the judgment entered in June of 2006. He requested the District Court to amend its order to credit him with a total of 555 days for incarceration prior to sentencing. He also asked that the 2005 fine of $7,700—vacated in early 2006—be reimposed and offset at the rate of $50 per day for time served, leaving a "net" fine of $0. In January of 2007, the District Court filed another amended judgment crediting Dennison with the requested 555 days of time served, and imposing a $28,850 fine with $27,750 (555 x $50/day) credit for time served for a "net" fine of $1,000. (We note the court's mathematical error in calculating the net fine. It has no effect on the resolution of this appeal.) Dennison appeals.

STANDARDS OF REVIEW

¶10 In reviewing a sentencing condition, we first review the condition for legality, to determine whether it falls within statutory parameters. A sentence outside statutory parameters is illegal. *State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, ¶ 41, 133 P.3d 206, ¶ 41 (citation omitted). Our standard of review of that question of law is de novo. If the condition is legal, we then review its reasonableness to determine whether the district court has abused its discretion. *State v. Ashby*, 2008 MT 83, ¶¶ 8-9, 342 Mont. 187, ¶¶ 8-9, 179 P.3d 1164, ¶¶ 8-9.

ISSUE 1

¶11 **Did the District Court exceed its sentencing authority by imposing conditions on Dennison's parole?**

4

¶12 In its 2007 judgment, the District Court imposed a number of "conditions of parole and probation." Dennison asserts the court did not have the authority to impose conditions on his parole. The State responds that §§ 46-18-202(1)(f) and (2), -206 and -801(1), MCA, recognize a sentencing court's authority to impose conditions of parole.

¶13 We begin by noting that § 46-18-206, MCA, relates to electronic monitoring of sexual offenders and has no application here. More importantly, we addressed substantially the same issue Dennison raises here in *State v. Burch*, 2008 MT 118, 342 Mont. 499, 182 P.3d 66, after this appeal was briefed. *Burch* is dispositive.

¶14 In *Burch*, the appellant argued the sentencing court lacked authority to impose conditions on his parole. We cited the longstanding rule that district courts do not have the power to impose a sentence unless authorized by a specific grant of statutory authority, and rejected the State's reliance on §§ 46-18-201, -202 and -801, MCA, as granting or recognizing sentencing courts' "residual" authority to impose parole conditions. We concluded the State had not established that authority to impose parole conditions was specifically granted by statute, and that a sentencing judge does not have general or residual authority to impose parole conditions. *See Burch*, ¶¶ 23-28.

¶15 We hold that here, in a similar manner, the District Court exceeded its sentencing authority by imposing conditions on Dennison's parole. In doing so, the District Court imposed an illegal sentence. *See Hicks*, ¶ 41.

ISSUE 2

¶16 **Did the District Court err by imposing a total fine of $28,850 against Dennison?**

¶17 As stated above, the original sentence imposed on Dennison in June of 2000 for his burglary conviction included a condition that he pay a $500 fine. On revocation in August of 2005, the court entered an order of revocation, judgment and sentence applying to both the revocation and Dennison's conviction, upon his guilty plea, of felony DUI. In that order of revocation, judgment and sentence, the court increased the total fine amount to $7,700 and gave Dennison $6,700 credit for time served, for a "net" fine of $1,000. Then, in February of 2006, the court vacated Dennison's sentence. On resentencing in June of 2006, the court stated Dennison was entitled to $8,200 in credit for time served against a fine of $9,200. Finally, in the amended judgment from which this appeal is taken, the court corrected the amount of time for which Dennison was entitled to credit to 555 days, at a rate of $50 per day. The court's amended judgment also included a condition requiring Dennison to pay a "total" fine of $28,850, with credit for time served, resulting in a "net" fine of $1,000. Dennison asks that we strike the fine as either illegal or, if we conclude it was properly imposed, an abuse of discretion because he has already paid it through credit for time served.

¶18 The District Court's August 2005 sentence and judgment, and all of its subsequent sentences and judgments, are combined and apply to both the revocation of Dennison's original sentence for burglary and his felony DUI. The District Court did not parse its sentencing conditions between the two convictions. In particular, the court has not indicated whether the fine relates to the burglary, the DUI, or both.

¶19 A fine of up to $50,000 may be imposed on conviction of burglary. Section 45-6-204(3), MCA. Here, the fine imposed in the original judgment on the burglary was $500.

6

The "total" amount of the fine imposed by the District Court in the later-vacated combined judgment in August of 2005—upon revocation of the suspended portion of the burglary sentence and conviction of DUI—was $7,700, and the "net" fine was $1,000. Absent any indication to the contrary by the District Court, it appears that the amount of the new fine was based, at least in part, on the felony DUI conviction, because the court originally had imposed a minimal fine as a condition in the burglary conviction. A person convicted of felony DUI may be required to pay "a fine in an amount of not less than $1,000 or more than $10,000." Section 61-8-731(1)(c), MCA.

¶20    As stated above, all of the amended judgments after the August 2005 sentence and judgment were combined judgments on the revocation of Dennison's suspended sentence on the burglary conviction and the DUI, culminating in the January 2007 judgment from which this appeal is taken. That judgment imposed a "total" fine of $28,850—an amount outside the statutory limit for a felony DUI conviction. A sentence in excess of the court's sentencing authority is illegal. *Hicks*, ¶ 41. Therefore, we conclude the amount of the fine imposed in the January 2007 judgment is illegal.

¶21    Pursuant to § 46-18-403(2), MCA, a person may be granted credit on a fine for each day of incarceration prior to conviction, except that the amount credited may not exceed the amount of the fine. Here, neither the $27,750 credit given by the District Court nor the 555 days of time served at $50 per day upon which it was based is challenged on appeal.

¶22    Remanded with instructions that the District Court enter an amended judgment deleting all reference to conditions of parole and reinstating its 2006 total fine of $9,200, less

7

credit for time served, for a net fine of $0.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JOHN WARNER