FILED

04/11/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0036

DA 16-0036

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 87N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RANDALL ALAN DENNISON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-05-170(A)
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Randall Alan Dennison (Self-Represented), Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  March 15, 2017

Decided:  April 11, 2017

Filed:

                                      Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Randall Alan Dennison appeals from the District Court's Order of Revocation, Judgment and Sentence entered January 14, 2016.  We affirm.

¶3     In 2000 Dennison was convicted of burglary and in 2005 he was convicted of driving under the influence of alcohol.  The sentence for the DUI ran consecutively to the sentence for the burglary.  In September 2015 Dennison discharged his burglary sentence and began serving the DUI sentence.  Dennison quickly violated the conditions of the suspended DUI sentence and admitted the violations at a subsequent revocation hearing. The District Court entered the order appealed from, committing Dennison to the Department of Corrections.  The District Court gave Dennison credit for 61 days of confinement and noted that he previously received credit for 442 days confinement.

¶4     Dennison does not contend that the revocation of his DUI suspended sentence based upon admitted violations was improper or illegal, but nonetheless raises thirty (30) issues on appeal.  A large proportion of Dennison's issues in the present appeal relate to credit for time served.  This Court is familiar with Dennison's complaints about his confinement, and just last year concluded that he "is not entitled to any more time served in any capacity

since 2005." *Dennison v. State*, No. OP 16-0020, Or. denying petition for habeas corpus relief (Mont. Jan. 19, 2016). *See also State v. Dennison*, 2008 MT 344, 346 Mont. 295, 194 P.3d 704. These issues were decided in the past and will not be considered again. We reject as unfounded Dennison's contention that § 46-18-403, MCA, relating to credit for time served, is unconstitutional.

¶5 Dennison contends that there were fatal clerical errors in the District Court's revocation order but he has not demonstrated that any of these errors affected his substantial rights. He is therefore not entitled to any relief. Dennison contends that the District Court abused its discretion by appointing stand-by counsel in the revocation proceedings, but again has not demonstrated that this affected his substantial rights. He is therefore not entitled to any relief. Dennison contends that the District Court abused its discretion by not providing him with copies of documents that he requested. He has not demonstrated that this affected his substantial rights and is therefore not entitled to any relief.

¶6 Dennison contends that he actually discharged the 2005 DUI sentence prior to the revocation proceedings in 2015. It is clear that the burglary and DUI sentences ran consecutively and that Dennison did not discharge the DUI sentence prior to revocation. The District Court properly sentenced Dennison, properly imposed conditions and properly revoked the suspended sentence. *See Dennison v. Law*, No. OP 09-0432, 2009 Mont. LEXIS 726 (Sept. 29, 2009).

¶7 We reject any other issues raised in this appeal as unsupported, waived, or previously decided.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, this case presents issues controlled by settled law or by the clear application of applicable standards of review.

¶9      Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE